JAMES B. COMBS *v.* NATIONAL VENEER & LUMBER COMPANY.

[No. 2-1073A215. Filed June 25, 1974.]

*David A. Steckbeck, William C. Moore, Steckbeck & Moore,* of Indianapolis, for appellant.

*Edward J. Ohleyer, G. Daniel Kelley, Jr., Ice Miller Donadio & Ryan,* of counsel, of Indianapolis, for appellee.

HOFFMAN, C.J.—Appellant James B. Combs (Combs) sustained injuries arising out of and in the course of his employment with appellee National Veneer & Lumber Company when the chain blade separated from a chain saw which he was operating. Following this accident, Combs received compensation for a temporary total disablement resulting from his physical injuries, but sought additional compensation under the Workmen's Compensation Act. Although his application for such additional compensation does not set out the exact nature of the condition for which he sought the compensation, the record discloses that Combs' psychiatrist was of the opinion that he was disabled by a psychosis allegedly resulting from the accident. In any event, the Full Industrial Board of Indiana (Board) denied such additional compensation, and this appeal followed.

Combs contends on appeal that since the only expert witness offering an opinion as to the causation of the alleged psychosis concluded that it resulted from his injuries and since the witness was the only psychiatrist among the several doctors who testified, the opinion of the psychiatrist should have been given more "consideration" than that of the other medical expert witnesses.

Even if the only expert opinion which was given as to the causation of the alleged psychosis was that it resulted from the trauma of Combs' accident, the Board was not bound to accept that opinion in light of the other evidence and inferences then before it. *Evans* v. *Indiana Univ. Med. Center* (1951), 121 Ind. App. 679, 100 N.E.2d 828 (transfer denied).

In the instant case, the other experts who testified either expressed no opinion as to the existence of any mental illness or affirmatively stated that they felt Combs had no mental illness. Furthermore, evidence of possible malingering and of a history of convulsions was also introduced at the hearing of this case.

The rule that the trier of fact may weigh the opinions of experts against other evidence is not of recent origin. In *The Conqueror* (1896), 166 U.S. 110, at 133, 17 S.Ct. 510, at 519, 41 L.Ed. 937, at 947, it is stated:

"[T]he ultimate weight to be given to the testimony of experts is a question to be determined by the jury [trier of fact] ; and there is no rule of law which requires them to surrender their judgment, or to give a controlling influence to the opinions of scientific witnesses."

Our Supreme Court in *Wright* v. *Peabody Coal Co.* (1948), 225 Ind. 679, at 687, 77 N.E.2d 116, at 119, stated this rule in the following manner:

"Of course the trier of the facts cannot arbitrarily reject items of oral evidence but, even though a particular item of evidence is not expressly or directly contradicted, this does not prevent the trier from taking into consideration all of the other evidence including circumstances and surroundings that might in any way affect the weight or credibility of such evidence, and the trier may disregard oral evidence if considered unreasonable or inconsistent with facts and circumstances shown by other evidence in the case." *Brooks* v. *International Furniture Co.* (1951), 122 Ind. App. 300, 305-306, 101 N.E.2d 197, 199 (transfer denied).

In applying these principles to Workmen's Compensation cases, this court has held that the relative weight to be

accorded the conflicting testimony of medical experts is solely within the province of the Board as the trier of fact. *Drompp et al.* v. *East et al.* (1961), 134 Ind. App. 110, 178 N.E.2d 217 (transfer denied) ; *Welton* v. *State Highway Commission et al.* (1960), 131 Ind. App. 291, 170 N.E.2d 450. Thus, although the relative degrees of qualification of physicians in particular areas of medicine may be considered by the trier of fact in weighing their testimony as expert witnesses, the fact that one physician has earned nominally greater qualifications in a particular area cannot automatically entitle his testimony to controlling weight. *Eureka Chevrolet Co.* v. *Franklin* (1955), 126 Ind. App. 435, 131 N.E.2d 330 (transfer denied). Cf: *Humphries et al.* v. *Johnson et al.* (1863), 20 Ind. 190.

The findings of fact and order of the Board here at issue were made clearly within its province to weigh conflicting evidence as the trier of fact. Since this court will not weigh the evidence and will not disturb an order of the Industrial Board where there is any competent evidence to sustain it, the above stated contentions of the appellant herein cannot warrant reversal.

Appellant Combs also contends that the findings of the Board are insufficient to sustain its award. The court has carefully examined such findings and finds them adequate to both support the award of the Board and to permit an intelligent review of such award. *Transport Motor Express, Inc.* v. *Smith et al.* (1974), 262 Ind. 41, 311 N.E.2d 424, 42 Ind. Dec. 48.

No reversible error having been shown, the award of the Full Industrial Board of Indiana must be affirmed.

Award affirmed.

Garrard and Lowdermilk, JJ., concur.

NOTE.—Reported at 313 N.E.2d 76.