J.S. HENDERSON/HENDERSON BROTHERS,
Employer, et al *v.* Edgar N. WINCHESTER, Employee

CA 79-318                                    594 S.W. 2d 866
Court of Appeals of Arkansas
Opinion delivered February 27, 1980
Released for publication March 19, 1980

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellants.

*Gibson & Gibson,* by: *R. Bynum Gibson, Jr.,* for appellee.

JAMES H. PILKINTON, Judge. This is a workers' compensation case. On April 20, 1977, the claimant suffered a back

injury. Claimant was seen and treated immediately after the injury by Dr. Roland Colclasure, a chiropractor, who then referred him to Dr. Joe K. Lester, an orthopedic surgeon, who has performed all subsequent orthopedic treatment. Claimant was hospitalized and a back disc was removed at the L5-S1 level. He returned to work with the same employer for a brief period but was unable to continue, and left his employment. He has not worked since that time. After leaving work the last time, Mr. Winchester has been seen and treated by Dr. Lester on numerous occasions. In addition to Dr. Lester, claimant has been seen and evaluated by various persons from the standpoint of possible vocational rehabilitation.

Claimant had been discharged by Dr. Lester with a 20% anatomical disability. Based upon all of the medical and other evidence, the Arkansas Workers' Compensation Commission found that Mr. Winchester was permanently and totally disabled as the result of the admittedly compensable injury which he received on April 20, 1977, in the course of his employment.

On appeal respondents are not questioning the fact that this is an appropriate case for an award of economic disability in addition to the anatomical disability found by Dr. Lester. Respondents concede the doctrine of *Glass* v. *Edens,* 233 Ark. 786, 346 S.W. 2d 685 (1961), should be applied in some degree to this case. However, respondents question the finding of total and permanent disability, and argue there is no substantial evidence to support the extent of the award. That is the only issue on appeal.

The question before this court is not to determine where the preponderance of the evidence lay, but whether the order of the commission is supported by substantial evidence. It is well settled that the findings of the commission are entitled to the same force and effect as the verdict of a jury.

We have carefully reviewed the record and have concluded that there is substantial evidence to support the findings and award of the Arkansas Workers' Compensation Commission in this case. Mr. Winchester was thirty years of age when

injured. He injured his back and has been unable to work since. He attended school for only three or four years, and never learned to deal with even first grade materials. His educational training has been almost totally lacking. His work history and experience are also very limited. He began full time work as a farm laborer at the age of nine, and has done this type of employment over the years. It is undisputed that his back is very stiff and he has little ability now to bend, stoop or lift. When he does engage in any physical exercise, even light work, or stays in a prolonged position, the pain returns in lower back, and radiates into his right leg, resulting in weakness in that leg. He can stand or move around slowly for about two hours at most, but is only able to walk about four blocks before the right leg aches severely.

As already noted, Mr. Winchester is intellectually lacking. The record shows he is unable to understand any abstract verbalization. He has almost no comprehension of what his injury might be or how he might deal with it more effectively. The evaluation report of Dr. Douglas A. Stevens, PhD., of the Southwestern Services Institute, states that claimant is certainly not overreacting to his injury, but is simply unable to make any headway in his rehabilitative effort because of his lack of comprehension regarding his injury. Dr. Stevens says Mr. Winchester displays no emotional distress outside of what might be expected although he does have some agitation regarding his inability to work. When talking about his future Mr. Winchester stated, "I know how to farm real good and that's all I know". The record is clear that physical work is all this claimant knows. Being unable now to function in that role, Dr. Stevens says the claimant experiences a great deal of anxiety, agitation and concern as to what the future holds. He wants to work but cannot.

In summary, the evidence shows this claimant to be a young man who has no education, is illiterate, and intellectually functions in the mentally retarded range. He cannot now do the farm work from which he has earned a living all of his adult life. As thus disabled, he is thrown into the job market with no skills, little capacity for retraining, and limited at best to simple tasks which make up only 3% or less of the labor market. The evidence indicates that hiring prac-

tices further interfere with his ability and prospects for gainful employment for, as the evidence shows, he is competing against whole bodied individuals without his educational or other limitations. Thus the evidence shows, as a practical matter, that claimant's chances of finding gainful employment are nil. This case bears a great similarity to *Rooney and Travelers Ins. Co. v. Charles,* 262 Ark. 695, 560 S.W. 2d 797 (1978).

Ordinarily a 20% anatomical disability would not be sufficient to support a finding of total disability even with economic disability taken into consideration and added; however, in this case there is sufficient evidence upon which to support such a finding.

After a careful review of the evidence, and giving consideration to the factors mentioned in *Glass* v. *Edens, supra, Wilson & Co.* v. *Christman,* 244 Ark. 132, 424 S.W. 2d 863 (1968), and other cases dealing with such matters, we are persuaded that there is substantial evidence to support the commission's award of permanent and total disability.

Affirmed.