**Benedicto PEREZ, Appellant (Plaintiff below),**

v.

**UNITED STATES STEEL CORPORATION, Appellee (Defendant below).**

No. 981S264.

Supreme Court of Indiana.

Sept. 28, 1981.

J. B. Smith, Andrew J. Fetsch, Beckman, Kelly & Smith, Hammond, for appellant.

Douglas F. Stevenson, Robert K. Bush, Rooks, Pitts, Fullagar & Poust, Chicago, Ill., for appellee.

HUNTER, Justice.

This cause is before us on the petition to transfer of Benedicto Perez, wherein he seeks review of the Court of Appeals' opinion found at *Perez v. United States Steel Corporation*, (1981) Ind.App., 416 N.E.2d 864 (Staton, J., dissenting). We hereby grant transfer, vacate the decision of the Court of Appeals, and remand the cause to the Industrial Board with instructions to make specific findings of fact.

Benedicto Perez sustained a work-related injury while employed at United States Steel Corporation in 1970. His claim for Workmen's Compensation culminated in the Industrial Board's decision that Perez had suffered a twenty per cent permanent partial impairment. Perez appealed, challenging the Board's failure to find he was permanently totally disabled. The Court of Appeals held that the Board's findings of fact with respect to Perez's claim of permanent total disability were inadequate to permit an informed and intelligent review and remanded the cause with instructions for the Board to enter its specific findings of basic fact. *Perez v. United States Steel Corporation*, (1977) 172 Ind.App. 242, 359 N.E.2d 925. The Court of Appeals also directed that, in view of the definition of "permanent total disability" adopted in its opinion, as well as the then-recent decision in *Covarubias v. Decatur Casting*, (1976) 171 Ind.App. 533, 358 N.E.2d 174, the Board should permit the parties to present additional evidence regarding Perez's claim.

On remand, additional evidence was presented. The Industrial Board again concluded Perez had not sustained a permanent total disability. In the portion of its order entitled "Findings," the Board included only the following summarily-stated evaluation of the evidence:

"That plaintiff is not permanently totally disabled within the definition set forth in the opinion of the Court of Appeals."

As the Court of Appeals noted, this "finding" is merely the statement of the Board's finding of ultimate fact that Perez was not permanently totally disabled. It does not reveal the factual basis for the Board's ultimate determination of Perez's claim, which is the quintessential purpose of the requirement that administrative agencies enter specific findings of fact as part of their orders. *Hawley v. South Bend Dept. of Redevelopment*, (1978) Ind., 383 N.E.2d 333; *Kunz v. Waterman*, (1972) 258 Ind. 573, 283 N.E.2d 371. Without question, this "finding," standing alone, would have warranted the Court of Appeals to again remand the cause for more specific findings of basic fact. *Id.*

The Industrial Board, however, also had included the following statements in that portion of its order entitled "Summary of Evidence":

"In the Board's experience, the medical findings in the evidence in this case, from both Plaintiff's and Defendant's physicians, show that Plaintiff is capable of pursuing many normal kinds of occupations. He has a permanent partial impairment, but not a permanent total disability."

The Court of Appeals held these statements were "in reality" the Board's findings of fact; inasmuch as the purpose for which findings of fact are required was deemed satisfied, the majority concluded the location of the statement within the order was

a defect in form which did not warrant reversal. *Perez v. United States Steel Corporation, supra,* 416 N.E.2d at 866. Judge Staton dissented on the basis that the statements did not satisfy the substantive purposes of the fact-finding requirement. *Id.* We embrace the latter view.

In its disposition of Perez's first appeal, the Court of Appeals, as the rule to be employed by the Industrial Board on remand, expressly adopted Dean Small's definition of "permanent total disability" and the proof necessary to establish the existence of that condition under Ind.Code § 22–3–3–10(b)(3) (Burns 1974). *Perez v. United States Steel Corporation, supra,* 172 Ind.App. at 245–6, 359 N.E.2d at 927–8, quoting Small, *Workmen's Compensation Law of Indiana* § 9.4 p. 244 (1950). To establish a "permanent total disability," the workman is required to prove he or she "cannot carry on reasonable types of employment." *Id.* The "reasonableness" of the workman's opportunities are to be assessed "by his physical and mental fitness for them and by their availability." *Id.*

■ The Industrial Board's statement in its "Summary of Evidence" that the evidence revealed "Plaintiff is capable of pursuing many normal kinds of occupations" no more enlightens us than its statement that "plaintiff is not permanently totally disabled." To state the former is merely to restate the latter, for the legal definition of a term or phrase is but another statement in the abstract. Here, it provides no insight into the *factual basis* for the Industrial Board's finding of ultimate fact that Perez was not permanently totally disabled or, as defined, unable to carry on reasonable types of employment. Consequently, we find the statements insufficient to satisfy the substantive purposes of the requirement that administrative agencies make specific findings of fact.

Our courts have repeatedly emphasized the imperative nature of the need for specific findings of fact. *See, e. g., Talas v. Correct Piping Company, Inc.,* (1981) Ind., 416 N.E.2d 845; *Hawley v. South Bend Dept. of Redevelopment, supra; Kunz v.*

*Waterman, supra; Uhlir v. Ritz,* (1970) 255 Ind. 342, 264 N.E.2d 312; *Carlton v. Bd. of Zoning Appeals,* (1969) 252 Ind. 56, 245 N.E.2d 337; *Indiana Bell Telephone Co., Inc. v. Owens,* (1980) Ind.App., 399 N.E.2d 443; *Penn-Dixie Steel Corp. v. Savage,* (1979) Ind.App., 390 N.E.2d 203; *Yunker v. Porter County Sheriff's Merit Bd.,* (1978) Ind.App., 382 N.E.2d 977; *Whispering Pines Home for Senior Citizens v. Nicalek,* (1975) Ind.App., 333 N.E.2d 324. Our insistence on compliance with the requirement has not been predicated on esoteric legal technicalities or the rote imposition of statutory provisions. Ind.Code § 22–3–4–7 (Burns 1974); Ind.Code § 4–22–1–10 (Burns 1974).

Rather, as the General Assembly undoubtedly recognized in establishing the fact-finding requirement, specific findings of fact are essential to an effective system of administrative law. The significance of the requirement was extensively analyzed by Professor Kenneth Davis in his voluminous treatment of administrative law:

"The practical reasons for requiring administrative findings are so powerful that the requirement has been imposed with remarkable uniformity by virtually all federal and state courts, irrespective of a statutory requirement. The reasons have to do with facilitating judicial review, avoiding judicial usurpation of administrative functions, assuring more careful administrative consideration, helping parties plan their cases for rehearings and judicial review, and keeping agencies within their jurisdiction." Davis, 2 *Administrative Law Treatise* § 16.05 p. 444 (1958).

These various reasons for the rule echo the thoughts of the learned Justices Cardozo and Frankfurter *(see, United States v. Chicago, M., St. P. & P. R.R.,* (1935) 294 U.S. 499, 510–11, 55 S.Ct. 462, 467, 79 L.Ed. 1023, 1032, and *City of Yonkers v. United States,* (1944) 320 U.S. 685, 694–95, 64 S.Ct. 327, 332, 88 L.Ed. 400, 406 [dissenting opinion] respectively), as well as the numerous decisions of the courts of this jurisdiction cited herein.

No better example of the need for specific findings of fact exists than the case at bar. In addition to challenging the sufficiency of the findings of fact, Perez also argued on appeal that the evidence did not support the finding of ultimate fact reached by the Board that he was not permanently totally disabled. The Court of Appeals, without findings to guide its review, summarily disposed of Perez's claim regarding the evidence. Without any evidentiary analysis, the Court of Appeals stated:

> "Since the record of the evidence does support a determination by the board that Perez was not permanently totally disabled because he was capable of pursuing many normal kinds of occupations, the findings are not contrary to law and the decision is to be sustained." *Perez v. United States Steel Corporation, supra,* 416 N.E.2d at 866.

In short, no specific reasons or evidentiary analyses for the ultimate finding that Perez is not permanently totally disabled have ever been stated.

■ We believe that both claimant and employer have a legal right to know the evidentiary bases upon which the ultimate finding rests. Davis, 2 *Administrative Law Treatise, supra,* at 448.[1] That responsibility initially lies with the administrative agency, who for that reason must enter specific findings of basic fact to support its finding of ultimate fact and conclusion of law. Parties will thereby be enabled to formulate intelligent and specific arguments on review. In turn, the reviewing court can expeditiously and effectively review the agency's determination; the integrity of that decision will be maintained by judicial review which is limited to these findings. *Hawley v. South Bend Dept. of Redevelopment, supra; Kunz v. Waterman, supra.*

Additionally, the statutory requirement serves to protect against careless or arbitrary administrative action. Answers to difficult questions may easily be stated, but the validity and respect to be accorded the answer lies in the rationale and facts upon which it is founded. The requirement that findings of basic fact be entered insures that a careful examination of the evidence, rather than visceral inclinations, will control the agency's decision. Davis, 2 *Administrative Law Treatise, supra.*

Here, we note the Board indicated in its "Summary of Proceedings" that it believed the Court of Appeals had "misconstrued" its original order. That statement, the record reveals, is in fact attributable to United States Steel Corporation, who submitted it to the Board as part of its proposed findings of fact. The proposed findings were adopted virtually *in toto* by the Board and constitute those same findings we hold inadequate here. In that respect, we echo the dissenting opinion of Judge Staton:

> "While parties before the Board are encouraged to submit proposed findings of fact and conclusions of law, hearing members of the Board must tailor those proposed findings and conclusions to fit the facts actually presented. Verbatim incorporation of one party's findings and conclusions must be done with the awareness that the submitting party often views the evidence presented through the eyes of an advocate rather than through the eyes of an objective, impartial member of the Board. The hearing member must also understand that the parties before the Board sometimes are unaware of the strict specificity required in administrative findings of fact, as was the case of U. S. Steel." *Perez v. United States Steel Corporation, supra,* at 870.

It is the Industrial Board's experienced and objective view of any particular claim which must guide our review; to that end, it is the Board which must carefully insure the findings of basic fact ultimately entered conform to the law and evidence.

■ To facilitate the Board's discharge of its statutory duty, we reiterate the essential nature of what constitutes satisfactory findings of fact, as ably explained by Judge White in *Whispering Pines Home for Senior Citizens v. Nicalek, supra:*

---

1. As Professor Davis stated, "a disappointed party, whether he plans further proceedings or not, deserves to have the satisfaction of knowing why he lost his case." *Id.*

"It is a simple, straightforward statement of what happened. A statement of what the Board finds has happened; not a statement that a witness, or witnesses, testified thus and so. It is stated in sufficient *relevant* detail to make it mentally graphic, i. e., it enables the reader to picture in his mind's eye what happened. And when the reader is a reviewing court the statement must contain all the specific facts relevant to the contested issue or issues so that the court may determine whether the Board has resolved those issues in conformity with the law." 333 N.E.2d at 326 [emphasis in original].

To elaborate, findings of basic fact must reveal the Board's analysis of the evidence and its determination therefrom regarding the various specific issues of fact which bear on the particular claim. The "finding of ultimate fact" is the ultimate factual conclusion regarding the particular claim before the Board; here, for example, that ultimate question is whether Perez is permanently totally disabled. The finding of *ultimate* fact may be couched in the legal terms and definitions which govern the particular case. In contrast, the specific findings of basic fact must reveal the Board's determination of the various relevant sub-issues and factual disputes which, in their sum, are dispositive of the particular claim or ultimate factual question before the Board. The findings must be specific enough to provide the reader with an understanding of the Board's reasons, based on the evidence, for its finding of *ultimate* fact.

We again emphasize that statements to the effect that "the evidence revealed such and such . . .," that "Mr. Jones testified so and so . . .," or that "the Industrial Board finds Dr. Smith testified so and so . . .," are *not* findings of basic fact in the spirit of the requirement. Statements of that nature lend perspective to our task, but in no way indicate what the Board found after examining all the evidence. The inclusion of statements of that nature is not harmful error, but rather mere surplusage.

Naturally, as the claims and evidence differ, so also must the findings of basic fact. The more complex or technical the sub-issues or factual disputes are in any claim, the greater the particularity which is needed to satisfy the various purposes of the requirement. We also note that findings of fact should be numbered sequentially to facilitate the parties' ability to reference courts of review to the focal points of their claimed errors.

This Court can fully appreciate the Board's burden of case load, as well as the Board's responsibility to dispose just results as expeditiously as humanly possible. Both this Court and the Court of Appeals confront those same responsibilities on a daily basis. Our task is only complicated and our burden greatly increased when, confronted with an appeal from the Industrial Board, we are presented with imprecise and inadequate findings of fact.

The remedies established in the Workmen's Compensation Act, Ind.Code § 22–3–1–1 et seq. (Burns 1974) represent the exclusive redress available to the employee who sustains an injury "arising out of or in the course of employment." Ind.Code § 22–3–2–2 (Burns 1974); Ind.Code § 22–3–2–6 (Burns 1974). As a quasi-judicial body, the Board's findings are "conclusive and binding as to all questions of the fact." Ind.Code § 22–3–4–8 (Burns 1974). For these reasons, it is important that the statutory fact-finding requirement be discharged in a painstaking fashion, and it is for these reasons we have dwelled extensively on it here.

For the foregoing reasons, the cause is remanded to the Industrial Board with the directive that it enter adequately specific findings of basic fact to permit an informed and intelligent review of its finding of ultimate fact and conclusion of law. In examining the evidence, the Board is further directed to consider all evidence produced at the Full Board's original hearing and review of Perez's claim, as well as any evidence submitted subsequent to the re-

mand of the Court of Appeals.[2] Our consideration of other questions presented by Perez, as well as our ruling on his request for oral argument, is postponed pending further action by the Board consistent with this opinion.

The cause is remanded.

GIVAN, C. J., and DeBRULER and PRENTICE, JJ., concur.

PIVARNIK, J., dissents and would deny transfer.

**2.** Whether Perez returned from Puerto Rico and presented evidence at the second hearing is irrelevant. The Court of Appeals directed that the parties be permitted the *opportunity* to present *additional* evidence. *Perez v. United States Steel Corporation,* (1977) 172 Ind.App. at 249, 359 N.E.2d at 929. His failure to exercise his opportunity from the distant shores of Puerto Rico in no way reflects on his claim; his case simply rests on the evidence he presented at the original hearing.