Mary RORK, Appellant (Plaintiff Below),

v.

SZABO FOODS, Appellee (Defendant Below).

No. 2–681A190.

Court of Appeals of Indiana,
Third District.

Oct. 29, 1981.
Rehearing Denied Dec. 14, 1981.

Richard L. Russell, Bayliff, Harrigan, Cord & Maugans, P. C., Kokomo, David L. Briscoe, Briscoe & Briscoe, Kokomo, for appellant.

David A. Steckbeck, Steckbeck, Moore & Cohen, Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

This is an appeal from an Industrial Board award in favor of plaintiff-appellant Mary Rork for injuries sustained in the course of her employment by defendant-appellee Szabo Foods. The injuries complained of were found by the Board to consist of a sprained ankle and aggravation of a pre-existing condition of osteoarthritis, both of which resulted when Rork fell while leaving work on April 22, 1977. Rork's initial hearing on her workmen's compensation claim was before a single Board member who made the award based on his finding of ten percent permanent partial impairment. This decision was affirmed by

the full Board. From this affirmance, Rork appeals and presents the following specific issues:

(1) whether the Industrial Board failed to make sufficient findings of fact to allow this Court to intelligently review the award;

(2) whether there was sufficient evidence to support the Industrial Board finding that Rork suffered ten percent permanent partial impairment of the body as a whole; and

(3) whether the Industrial Board finding that there was insufficient evidence on which to base a finding of permanent total disability was contrary to law.

■ The first issue presented by Rork for consideration here is whether the Board failed to make sufficient findings of fact. Findings of fact supporting a Board decision should be specific enough with respect to contested issues to enable a reviewing court to intelligently review the Board's award. *Penn-Dixie Steel Corp. v. Savage* (1979), Ind.App., 390 N.E.2d 203. This requirement was discussed most recently by the Indiana Supreme Court in *Perez v. United States Steel Corp.* (1981), Ind., 426 N.E.2d 29.

In *Perez*, the Supreme Court remanded a Board decision for the reason that the Board's findings of fact were insufficient. There the Board's ultimate finding was:

"That plaintiff is not permanently totally disabled within the definition set forth in the opinion of the Court of Appeals."

At 30. This ultimate finding was supported only by the following "specific" findings:

"In the Board's experience, the medical findings in the evidence in this case, from both Plaintiff's and Defendant's physicians, show that Plaintiff is capable of pursuing many normal kinds of occupations. He has a permanent partial impairment, but not a permanent total disability."

*Id.* Holding these "specific" findings insufficient to permit intelligent review of the ultimate finding, the Court stated that:

"We believe that both claimant and employer have a legal right to know the evidentiary basis upon which the ultimate finding rests.... That responsibility initially lies with the administrative agency, who for that reason must enter specific findings of basic fact to support its finding of ultimate fact and conclusion of law. Parties will thereby be enabled to formulate intelligent and specific arguments on review. In turn, the reviewing court can expeditiously and effectively review the agency's determination; the integrity of that decision will be maintained by judicial review which is limited to these findings."

*Id.* at 32. These "specific" findings, then, must be specific enough to reveal the Board's reasons for its ultimate decision. *Id.* at 32. The case at bar is unlike *Perez* in several respects.

■ In the case at hand, the Board made sufficient specific findings to support its ultimate finding that Rork suffered ten percent partial impairment as a result of her accident and that any impairment greater than ten percent was from conditions unrelated to her accident. The findings in support of this conclusion are far more specific than those found insufficient in *Perez*. These specific findings were that Rork suffered accidental injury in the course of her employment on April 22, 1977; that the medical evidence in the case consisted of testimony given in the depositions of four medical doctors; that Rork suffered an ankle sprain and an aggravation of a pre-existing condition of osteoarthritis as a result of her accident; that Rork had a pre-existing condition of osteoporosis and other medical problems unrelated to her accident; and that there was insufficient evidence that Rork's injuries did not reach a permanent and quiescent state on or before March 13, 1978. To require the Board to be more "specific" in this case would force the Board to restate in its findings all pieces of medical testimony both in favor of and contrary to the Board's decision. This type of "specificity," of course, is not necessary. *See, Perez, supra,* At 32; *Talas v. Correct Piping Company, Inc.* (1981), Ind., 426 N.E.2d 26.

In addition to the Board's finding of ten percent permanent partial impairment, the Board also found "that there is insufficient evidence upon which to base a finding of permanent total disability." Again, unlike *Perez*, the Board here has not shirked its responsibility to make sufficient findings of fact to support this conclusion. A finding of permanent total disability will be made where the claimant shows that she has been so incapacitated by her injuries as to be unable to carry on reasonable types of employment. *Perez, supra*, At 31. It has been argued that such a determination necessitates a study not only of medical factors but also of non-medical factors. *See, Perez v. United States Steel Corp.* (1981), Ind.App., 416 N.E.2d 864, at 868 (Staton, J. dissenting) *vacated*, (filed September 28, 1981) Ind., No. 981 S 264. The burden of proof rests with the claimant, *Dennison v. Martin, Inc.* (1979), Ind.App., 395 N.E.2d 826, and the Board cannot be faulted where the claimant fails in this burden.

Assuming, *arguendo*, that the Board must weigh medical and non-medical factors to decide if a claimant is permanently totally disabled, the Board in this case could not have been more specific in its findings. A review of the record in this case reveals that, except for her age, Rork presented absolutely no evidence concerning non-medical factors which might affect her claim of permanent total disability.[1] Where the claimant has neglected her duty to present a factual foundation to support a claim of total permanent disability, it is not the responsibility of the Board to bring forth such evidence, nor is the Board required to make findings of non-existent facts. The only evidence presented as to Rork's claim of permanent total disability consists of highly conflicting medical testimony. Where evidence is in conflict, it is for the Board to weigh the testimony and arrive at a decision. The appellate court will not remand a case and require the Board merely to state that it placed more weight on some evidence than on other evidence when it is obvious that this is exactly what the Board has done. Hence, given the lack of evidence presented by the claimant in this case, and recognizing that the Board can be no more specific in its findings than what is allowed by the evidence, the Board here made sufficient findings to support its ultimate conclusion that there was insufficient evidence to prove Rork's claim that she was permanently totally disabled.

Rork's second attack focuses on the Board's finding that Rork suffered ten percent permanent partial impairment and that any impairment exceeding ten percent was from conditions unrelated to the accident in question. Rork urges that this finding is unsupported by sufficient evidence. Consequently, she maintains that the Board's finding must be reversed.

This Court has held that a determination of a question of fact by the Industrial Board is conclusive if supported by substantial evidence of probative value. *Rivera v. Simmons* (1975), 164 Ind.App. 381, 329 N.E.2d 39. This Court's inquiry into Board findings is quite limited. This Court may not weigh the evidence and it is the province of the Board alone to "hear and weigh the evidence, determine the evidentiary facts and from such facts draw reasonable inferences to arrive at the ultimate fact." *Joseph E. Seagram & Sons, Inc. v. Willis* (1980), Ind.App., 401 N.E.2d 87, at 91; *see also, White v. Woolery Stone Co., Inc.* (1979), Ind.App., 396 N.E.2d 137.

The "ultimate fact" as found by the Board in this case is that Rork's fall while in the course of her employment resulted in ten percent permanent partial impairment of her body. This finding is based on the medical testimony which consisted of estimates of Rork's impairment ranging from three percent permanent partial im-

---

1. The claimant in *Perez*, on the other hand, brought forth evidence as to his educational and vocational background. *See, Perez, supra,* Ind.App., 416 N.E.2d at 868 (Staton, J. dissenting).

pairment[2] to one hundred percent impairment. The apparent conflict within this testimony is not for this Court to reconcile. Such a reconciliation requires weighing the evidence which, as stated above, is left to the Board. As a result, the Board's finding of ten percent permanent partial impairment must be upheld.

■ Rork finally argues that the Board finding that there was insufficient evidence on which to base a finding of permanent total disability was contrary to law. She concedes that a negative finding by the Board will only be disturbed if the evidence is undisputed and leads conclusively to a result contrary to that reached by the Board. *Burton v. General Motors Corp.* (1977), 172 Ind.App. 263, 360 N.E.2d 36. Rork contends that evidence that she is totally permanently disabled is uncontradicted and therefore the Board's finding that evidence of total permanent disability was insufficient should be overturned.

The basis for Rork's argument is deposition testimony by a doctor specializing in neurology that Rork suffered from one hundred percent impairment due to pain likely to become permanent. Other evidence estimating the extent of Rork's injuries at lesser levels came from orthopedic surgeons. Rork argues that the orthopedic surgeons testified as to her impairment only within their specialty and that the evidence of her disability resulting from pain is uncontradicted. Rork's contention, however, ignores the fact that the testimony of both orthopedic surgeons took pain into account.[3] Thus, what Rork is really arguing here is that where disability due to pain is in question, more weight should be placed on the testimony of a doctor specializing in neurology than on that of an orthopedic surgeon.

In response to Rork's argument, the case of *Combs v. Nat'l Veneer & Lmbr. Co.* (1974), 160 Ind.App. 501, 313 N.E.2d 76 is very instructive. In that case, a psychiatrist testified that the claimant was disabled by a psychosis. Other medical experts either did not testify as to the claimant's mental condition or affirmatively stated that there was no mental illness. On appeal, the claimant argued that since only one psychiatrist testified regarding the claimant's mental fitness, that testimony should take precedence over testimony by doctors specializing in other areas. This Court held that the weight assigned to various conflicting pieces of medical testimony is in the sole discretion of the Board:

> "Thus, although the relative degrees of qualification of physicians in particular areas of medicine may be considered by the trier of fact in weighing their testimony as expert witnesses, the fact that one physician has earned nominally greater qualifications in a particular area cannot automatically entitle his testimony to controlling weight."

*Id.* at 504, 313 N.E.2d at 77.

■ In the case at hand, medical evidence as to Rork's impairment due to pain was clearly in conflict. Under the holding in *Combs, supra,* a decision as to the weight to be given to each piece of this conflicting evidence rests with the Board. Since it has already been shown that this Court cannot reweigh such evidence, *Joseph E. Seagram & Sons, Inc. v. Willis, supra,* this decision may not be reversed. The Board's finding that there was insufficient evidence on which to base a finding of permanent total disability is upheld.

Affirmed.

GARRARD, J., concurs.

STATON, J., dissents with opinion.

---

**2.** Dr. Rettig, an orthopedic surgeon, estimated Rork's back disability to be fifteen percent of the whole body, twenty percent of which resulted from the accident.

**3.** Dr. Rettig testified that there was no causal connection between Rork's ankle sprain and her complaints of back pain. Dr. Halfast stated that any pain exhibited by Rork was due to her pre-existing problem of osteoarthritis rather than as a result of the sprained ankle.

STATON, Judge, dissenting.

I dissent.

The Industrial Board, as it did in *Perez v. United States Steel Corp.* (1981), Ind., 426 N.E.2d 29 (1981), has perfunctorily shirked its statutory duty to make specific findings of fact to sustain its negative award on a claim for total permanent disability benefits.

The majority of this Court has transmogrified the following statement in the Board's decision—

"It is further found that there is insufficient evidence upon which to base a finding of permanent total disability."

into a so-called "specific finding of fact" that justifies the denial of Rork's claim for total permanent disability benefits. The majority's ability to divine a factual basis for the Board's decision is a feat worthy of veneration by all those who must make the legal pilgrimage before the Board. However, the Indiana Supreme Court has condemned the very "finding of fact" that the majority of this Court finds suitable for appellate review. *See, Perez, supra,* At 31; *Talas v. Correct Piping Co., Inc.* (1981), Ind., 426 N.E.2d 26; *Talas v. Correct Piping Co. Inc.* (1981), Ind., 416 N.E.2d 845, 846. In fact, the majority of this Court applauds the Board by saying that it "could not have been more specific in its findings of fact." The resultant effect of the majority's insistence upon paying homage to the Board's adherence to a policy of remissness in making specific findings of fact is that the reviewing court will be forced to wander aimlessly through the record in search of a factual foundation for the Board's decision. The Supreme Court has held such evidentiary excursions to be a clear usurpation of the Board's fact-finding function. I must therefore condemn the Board's persistent dereliction of its statutory duty to make specific findings of fact and refuse to join the majority of this Court in supplanting itself as the finder of facts.

I need not restate the reasons for requiring the Board to make specific findings of fact. Those reasons are set forth succinctly in the Supreme Court's opinion in *Perez, supra.* I only note that the findings of fact in the present case are anemic and beyond resuscitation by the majority of this Court. Other than finding that Rork suffered a work-related injury that permanently and partially impaired 10% of her body (in addition to preexisting impairments), the Board has failed to make findings of fact that apprise this Court of the reasons why Rork can "carry on reasonable types of employment."

The measure of a claimant's disability is not limited to a medical evaluation of the claimant's physical impairment or anatomical dysfunction, but it should be extended to other nonmedical factors, such as the claimant's age, education, training, skills, and job opportunities. A claim need not be in a state of abject helplessness or operating under a 100% physical impairment to recover total permanent disability benefits. The claimant need only show that he or she is unable to work and earn a reasonable livelihood. Factors other than the claimant's physical impairment may contribute to his or her inability to work.

In its opinion, the majority of this Court manifests great surprise that the Board must consider a claimant's physical and mental fitness, skills, and suitability for available work in addressing a claim for total permanent disability benefits. Citing my dissent in *Perez, supra,* the majority states that "[i]t has been argued" that physical impairment is not the sole consideration in a claim for total permanent disability benefits. The majority then condescendingly assumes *"arguendo"* that this is the law. I refer the majority to its own opinion in *Perez v. United States Steel Corp.* (1977), 172 Ind.App. 242, 247, 359 N.E.2d 925, 928, wherein the majority of this Court adopted *in toto* Dean Small's interpretation of the Indiana total permanent disability statute. Dean Small, in *Workmen's Compensation Law of Indiana* § 9.4, at 244 (1950), stated that a claimant's physical impairment is not

the sole consideration in evaluating a claimant for total permanent disability. The issue is whether the claimant is "unable to resume reasonable types of employment." *Perez, supra*, 172 Ind.App. at 246, 359 N.E.2d at 927. "The reasonableness of the workman's opportunities will be measured by his physical and mental fitness for them and by their availability." *Perez, supra*, 172 Ind.App. at 246, 359 N.E.2d at 928. It is this holding that the majority of this Court has swatted away like a bothersome fly.

Other jurisdictions adhere to the enlightened view that a claimant's physical impairment is merely one factor in considering a claim for total permanent disability benefits. The prevailing rule is being reiterated contantly in cases from other jurisdictions, such as *Odom Construction Co. v. United States Department of Labor* (5th Cir. 1980), 622 F.2d 110, 115, *cert. denied* (1981), 450 U.S. 966, 101 S.Ct. 1482, 67 L.Ed.2d 614, in which the court held that the determination of permanent disability under the Longshoremen's and Harbor Workers' Compensation Act "must be based not only on physical condition but also on other indicia such as age, education, employment history, rehabilitative potential, and availability of work that the claimant can do." *See also, Henderson v. Winchester* (1980), Ark.App., 594 S.W.2d 866; *Cohn v. Haile* (1979), Ark. App., 589 S.W.2d 600; *Inland Robbins Construction Co. v. Industrial Commission* (1980), 78 Ill.2d 271, 35 Ill.Dec. 778, 399 N.E.2d 1306; *Ruby Construction Co. v. Curling* (Ky.1970), 451 S.W.2d 610; *Whitaker v. Church's Fried Chicken, Inc.* (1980), La., 387 So.2d 1093; *Jensen v. Zook Bros. Construction Co.* (1978), Mont., 582 P.2d 1191; *Matter of Compensation of Morris* (1981), 50 Or.App. 533, 623 P.2d 1118; 2 Larson, *Workmen's Compensation Law* §§ 57.51, 57.61 (1980); 3 Larson, *supra*, § 79.53, at 15–271 (1980). Yet the majority of this Court insists upon removing itself from the mainstream of workers' compensation law by ignoring a rule of law so readily accepted in other jurisdictions.

The majority of this Court engages in a feeble attempt to distinguish the facts addressed by the Supreme Court in *Perez, supra*, from the facts of the present case. The majority labels the findings of fact in the present case as being "far more specific than those found insufficient in *Perez*." The substance of the Board's findings of fact in the present case is as follows:

Rork suffered a work-related injury that permanently and partially impaired 10% of her body as a whole (in addition to preexisting impairments).

This simple statement reveals no factual basis for concluding that Rork is able "to carry on reasonable types of employment." In fact, the Board made no finding whatsoever as to Rork's ability to return to her former occupation or to earn a livelihood in another area. The majority of this Court faults Rork for not presenting evidence on factors relevant to her ability to carry on reasonable types of employment. Yet, a cursory examination of the record reveals evidence that is relevant to Rork's claim for total permanent disability benefits. The record reveals that Rork is 63 years of age; she is unable to drive an automobile anymore, her occupation before her work-related injury involved the preparing of food for and the filling of vending machines; she made five attempts to return to her former occupation after her work-related injury and was unable to carry on any of the required functions; she receives total disability benefits from Social Security; she experiences daily back pain; she is unable to do housework; she cannot stand or walk for a prolonged period of time because of the pain. The record contains depositions of physicians who examined Rork. One physician, after relating a catalogue of physical impairments suffered by Rork, stated that Rork was unable "to pursue gainful employment." Another physician, citing the same long list of physical impairments, concluded that those impairments did not preclude Rork from obtaining a "reasonable job." There were several factual ingredients that went into the medical

opinions expressed by these physicians and others. Yet, the Board failed to state which factual ingredients it found to be true or more persuasive. The Board did not reduce those evidentiary ingredients to its own findings of fact. The Board merely concluded that Rork was not totally and permanently disabled and left the reviewing court to flounder in the quagmire of evidence presented on the issue of Rork's ability "to carry on reasonable types of employment."

Under the Indiana Workers' Compensation Act, the Board is vested with the privilege and duty to make findings of fact in cases involving industrial accidents. IC 1976, 22–3–4–7 (Burns Code Ed.). Assuming that the Board will limit itself to evidence that is actually presented before it, the reviewing court is bound by statute to accept the Board's findings of fact. IC 1976, 22–3–4–8 (Burns Code Ed.). However, the Board cannot operate in a vacuum and rubber stamp claims as "granted" or "denied." As the Supreme Court noted in *Perez, supra,* slip op. At 32, "both claimant and employer have a legal right to know the evidentiary bases upon which the ultimate finding rests. Ideally, when a decision of the Board is appealed by a claimant or an employer, the reviewing court should have before it "mentally graphic" findings of fact that fully apprise it of the factual basis. *Perez, supra,* At 33, *quoting, Whispering Pines Homes for Senior Citizens v. Nicalek* (1975), Ind.App., 333 N.E.2d 324, 326. The reviewing court should not need to review the transcript of testimony in making its review, unless the sufficiency of the findings are challenged.

Because the Board's findings of fact fail to satisfy the minimum standards of sufficiency, I would remand this case to the Board with instructions that it make specific findings of fact in support of its conclusions. It is only after those findings of fact have been filed with this Court could this Court conduct an intelligent review of the substantive issues raised by Rork.