Mary RORK, Appellant (Plaintiff below),

v.

SZABO FOODS, Appellee (Defendant below).

No. 682S219.

Supreme Court of Indiana.

June 10, 1982.

Richard L. Russell, Rodney V. Shrock, Bayliff Harrigan Cord Maugans & Russell, P. C., David L. Briscoe, Briscoe & Briscoe, Kokomo, for appellant.

David A. Steckbeck, Richard A. Mann, Steckbeck, Moore & Cohen, Indianapolis, for appellee.

HUNTER, Justice.

This cause is before us on the petition to transfer of Mary Rork, wherein she seeks review of the Court of Appeals' opinion found at *Rork v. Szabo Foods*, (1981) Ind. App., 426 N.E.2d 1379 (Staton, J., dissenting). We hereby grant transfer, vacate the decision of the Court of Appeals, and remand the cause to the Full Industrial Board of Indiana with instructions for the Board to enter the specific findings of fact upon which its ultimate conclusion is based.

Rork was injured in the course of her employment with Szabo Foods when she fell while leaving work on April 22, 1977. Rork and Szabo Foods disagreed on the questions of liability and compensation for her injuries, prompting Rork to file a claim for workmen's compensation with the Industrial Board.

Therein, Rork alleged she had sustained a "severe ankle sprain, injury to back vertebrae, and related complications diagnoses [sic] as throiditis and softening of bone in the back vertebrae." She alleged that she had attempted to return to work on several occasions, but that continuing pain rendered her unable to fulfill her job duties; she sought compensation for total temporary disability, permanent total disability, and permanent partial impairment.

Pursuant to Ind.Code § 22–3–4–6 (Burns 1974), a hearing was held before a single member of the Industrial Board. There, the parties stipulated to the following matters, as summarized by the hearing officer:

"The parties stipulated and agreed that on or about April 22, 1977, plaintiff was in the employ of the defendant at an average weekly wage of $154.40, and that on said date plaintiff suffered an accidental injury arising out of and in the course of her employment with the defendant. It was further stipulated that thereafter the defendant did pay to the plaintiff 36.568 weeks of compensation at the rate of $102.92 per week for her intermittent temporary total disability up to and including March 13, 1978. The parties further agreed that the depositions of Doc-

tors Smith, Rettig, Halfast and two depositions of Dr. Higgins are to be considered as the medical evidence in this cause."

Based on the evidence presented and the arguments of the parties, the hearing officer concluded Rork had suffered "permanent partial impairment equal to 10% of the body as a whole" and awarded her fifty weeks of compensation at the rate of $60 per week; the hearing officer also found that Szabo Foods was entitled to set-off in the amount of $102.92 per week for a period of 10.568 weeks "for temporary total disability payments paid beyond the statutory 26 weeks." To support the decision, the hearing officer entered the following statements denominated as "Findings of Fact and Conclusions of Law":

"Said Hearing Judge, having heard all the evidence in said cause, the stipulation of the parties, and having reviewed the entire file and being duly advised in the premises therein, now adopts the stipulation as the Board's findings.

"It is further found that on the day of the accident in question the plaintiff suffered accidental injuries which injuries included an ankle sprain and an aggravation of a preexisting condition of osteoarthritis.

"It is further found that plaintiff also had a preexisting condition of osteoporosis and certain other medical problems unrelated to the accidental injury in question.

"It is further found that there is insufficient evidence to indicate that plaintiff's injuries did not reach a permanent and quiescent state as regards the accidental injury on or before March 13, 1978, and thus plaintiff is not entitled to any additional temporary total disability.

"It is further found that there is insufficient evidence upon which to base a finding of permanent total disability.

"It is further found that plaintiff has suffered permanent partial impairment equal to 10% of the body as a whole, and that any impairment in excess of said 10% is from conditions which are not causally connected to the accidental injury heretofore stipulated."

Rork then exercised her statutory right to appeal the award to the Full Industrial Board. *See* Ind.Code § 22–3–4–7 (Burns 1974). A hearing was conducted before the Full Board, wherein both parties appeared by counsel and presented arguments to the Board. Following the hearing, the Full Board entered its order affirming the decision of the hearing officer. The order reads in substantive part:

"BE IT REMEMBERED, that pursuant to notice fixing the time and place therefor, the above cause was set for hearing and review by the Full Industrial Board of Indiana, 601 State Office Building, 100 North Senate Avenue, Indianapolis, Indiana, on March 31, 1981 at 9:00 A.M., on Plaintiff's Form No. 16 Application For Review filed November 5, 1980.

"Plaintiff appeared by her counsel, Richard L. Russell; defendant appeared by its counsel, David A. Steckbeck.

"The Full Industrial Board, having heard arguments of counsel and being duly advised in the premises, now finds the Single Hearing Member entered his Award dated October 23, 1980, which said Award was in the following words and figures, to-wit:

"(H.I.)

"It is further found by the majority of the members of the Full Industrial Board that the Single Hearing Member's decision should be adopted.

"AWARD

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Full Industrial Board of Indiana that the Single Hearing Member's decision is hereby affirmed."

Rork then exercised her statutory right to seek judicial review of the Full Industrial Board's decision. Ind.Code § 22–3–4–8 (Burns 1974). Among the arguments contained in her appeal was the contention that the Full Industrial Board had failed to

make findings of fact with the specificity necessary to permit intelligent judicial review of the Board's rationale and conclusion. The majority of the Court of Appeals rejected Rork's argument, concluding the findings of fact were adequate. *Id.*

In her petition to transfer, Rork challenges the Court of Appeals' conclusion that the findings were adequate. We agree with Rork that the Industrial Board's findings of fact do not satisfy the letter and purposes of the statutory requirement. Ind.Code § 22–3–4–7, *supra.*

Initially, we note that the Full Industrial Board did not draft its own findings of basic fact; rather, it adopted and incorporated by reference the statements denominated by the hearing officer as his "Findings of Fact and Conclusions of Law." In and of itself, that practice is neither prohibited by statute nor judicially condemned.

It is observed, however, that the initial administrative stage in the adjudication of workmen's compensation claims is, by statute, defined as a "summary proceeding." Ind.Code § 22–3–4–6, *supra,* which governs the initial disposition of a claim, reads in its entirety:

> "22–3–4–6 *Disputes; summary proceedings*
> "Sec. 6. The board by any or all of its members shall hear the parties at issue, their representatives and witnesses, and shall determine the dispute in a summary manner. The award shall be filed with the record of proceedings, and a copy thereof shall immediately be sent to each of the parties in dispute."

The summary approach outlined by the legislature effectuates a desirable and pragmatic goal in the administration of the Workmen's Compensation Act—the speedy disposition of claims. The economic impact on the family which suffers a disabling work-related injury to one of its income-producing members, or to its sole breadwinner, is immediate; a speedy disposition of a compensation claim alleviates that impact. At the same time, a heavy case load composed of claims with significant economic ramifications for the parties confronts the Industrial Board. The summary approach established for the initial disposition of claims provides the Industrial Board with a vehicle by which it may fully utilize its members as single-person hearing officers, thereby expediting the processing and administration of claims.

The statute permits, as occurred here, a single member of the Board to resolve the dispute between an employer and injured employee "in a summary manner." *Id.* It is not expressly required in the statute that the hearing officer enter the findings of fact upon which the ultimate conclusion is based; instead, the hearing officer need only file "the award" and "the record of the proceedings." *Id.*

It is the Full Industrial Board which, by statute, is required to enter the findings of fact upon which its disposition is based. Ind.Code § 22–3–4–7, *supra* ("the board . . . shall make an award and file the same with the findings of fact on which it is based . . . ."). It is the Full Industrial Board's opinion which the legislature has required; the requirement that the seven members of the Board enumerate their findings of fact is a prophylactic measure against arbitrary or hastily drawn decisions, as we explained in *Perez v. United States Steel Corporation,* (1981) Ind., 426 N.E.2d 29, 32.

> "Additionally, the statutory requirement serves to protect against careless or arbitrary administrative action. Answers to difficult questions may easily be stated, but the validity and respect to be accorded the answer lies in the rationale and facts upon which it is founded. The requirement that findings of fact be entered insures that a careful examination of the evidence, rather than visceral inclinations, will control the agency's decision. Davis, 2 *Administrative Law Treatise, supra* [§ 16.05 (1958) ]."

■ These considerations warrant that the Full Industrial Board cautiously scrutinize any statements or rationale offered by a hearing officer in the initial and summary disposition of a workmen's compensation claim. Where those statements or findings

are supported by the evidence and embody the requisite specificity to satisfy the various purposes of the requirement, the Board should not hesitate to adopt and incorporate by reference the hearing officer's work.

Here, however, the hearing officer's statements contained under the heading "Findings of Fact and Conclusions of Law" are too summary in nature to constitute adequate findings of fact. The inadequacy of the findings must be measured in light of Rork's substantive claims.

Rork sought compensation for her alleged "permanent total disability" which she claimed had resulted from her work-related accident. Disability, of course, refers to the inability to work. *Talas v. Correct Piping Co.,* (1982) Ind., 435 N.E.2d 22. The proof necessary to establish the existence of permanent total disability was addressed by this Court in *Perez v. United States Steel Corporation, supra :*

> "To establish a 'permanent total disability,' the workman is required to prove he or she 'cannot carry on reasonable types of employment.' *Id.* The 'reasonableness' of the workman's opportunities are to be assessed 'by his physical and mental fitness for them and by their availability.'" *Id.* at 31, *citing Perez v. United States Steel Corporation,* (1977) 172 Ind. App. 242, 245–6, 359 N.E.2d 925, 927–8, *quoting* Small, *Workmen's Compensation Law of Indiana,* § 9.4 p. 244 (1950).

To support her claim, Rork presented evidence that she is 63 years old and, since the accident, has been in continual pain during her waking hours. She is unable to sit and stand for long periods of time, unable to drive a car, unable to do any housework which requires heavy lifting, and even unable to set the table and serve her meals family style. The record reveals she has made five attempts to return to work with Szabo Foods, for whom she maintained vending machines, served catered food, and tended cash register at a Chrysler factory; each time the physical pain engendered by the required physical motions left her unable to discharge her duties. Doctors fitted her with a back brace, but she continued to endure pain and has not been able to return to work.

The evidence reveals she receives total disability benefits from Social Security. Doctors who had examined Rork, as well as her prior medical history, submitted various conclusions regarding her physical capacity for work.

Dr. Anthony Smith stated that Rork did not have full use of her extremities, that she suffered neurological impairment due to pain as well as orthopedic dysfunction, and that the simple act of sitting at a cash register would be "excruciating" for Rork. He concluded that "she [Rork] is now completely unable to pursue gainful employment." His conclusion that Rork was disabled was echoed by Dr. Jack Higgins; Dr. Arthur Rettig, on the other hand, indicated Rork's inability to work was the product of depression as well as back pain; similarly, Dr. Richard Halfast testified that Rork's "functional movement was reasonably within her normal limits," albeit sometimes painful to Rork. Altogether, four physicians testified; extensive technical medical evidence and analyses were offered regarding the possible inter-relationship of her osteoporosis and osteoarthritis, her present pain and impairment, and her work-related injury.

However that evidence might be weighed and analyzed, it cannot be said there was "insufficient evidence upon which to base a finding of permanent total disability," as the Industrial Board found by incorporating the hearing officer's statement. There is ample evidence, both medical and non-medical in nature, from which it could be concluded that the sixty-three year old Rork is "unable to carry on reasonable types of employment," as "permanent total disability" is defined. *Perez v. United States Steel Corporation, supra,* at 31.

■ Perhaps that ultimate factual conclusion could be sustained if this Court were to sift through the evidence and attribute a rationale to the Board for its conclusion. Judicial review of a disposition of a workmen's compensation claim, however, must

be guided by the Industrial Board's experience and expertise. *Id.* By statute, the Industrial Board acts as a quasi-judicial body whose findings are "conclusive and binding as to all questions of the fact." Ind.Code § 22–3–4–8 (Burns 1974). Moreover, workmen's compensation is the exclusive remedy available to the employee who is injured in a work-related accident. Ind. Code § 22–3–2–2 (Burns 1974); *Perez v. United States Steel Corporation, supra.*

■ Consequently, we do not agree with the assertion of the Court of Appeals that when the Industrial Board has been confronted with conflicting evidence, it should not be required to indicate which evidence it has relied upon for its ultimate factual conclusion. *Rork v. Szabo Foods, supra*, at 1382. It cannot be said that it is always "obvious" that the Board has simply "placed more weight on some evidence than on another." *Id.* Experience has taught us otherwise. In *Talas v. Correct Piping Co., Inc., supra*, for instance, this Court twice remanded the cause to the Industrial Board for specific findings of fact. Ultimately, we unanimously reversed the Board's conclusion that Talas "take nothing" because the specific findings, once entered, revealed its conclusion was based on an improper interpretation of a statute, rather than any conflict in the evidence. *Id.*

The statutory fact-finding requirement— if it is to mean anything—requires that the Industrial Board reveal the factual bases for its "determination of the various relevant sub-issues and factual disputes which, in their sum, are dispositive of the particular claim or ultimate factual question before the Board." *Perez v. United States Steel Corporation, supra*, at 33. That is not to say the Board is required to "restate in its findings all pieces of medical testimony both in favor of and contrary to the Board's decision" or that the Board should make "findings of non-existent facts," as decried by the Court of Appeals. *Rork v. Szabo Foods, supra*, at 1381–2. Rather, it is to acknowledge that when the evidence is conflicting, the Board should delineate that evidence upon which its analysis and ulti-

mate factual conclusion is based; when the Board denies compensation for the reason that the claimant has failed to sustain his burden of proof, the Board should designate which of the material element(s) of the claim the injured worker has failed to prove.

■ Absent such adequate findings of fact, parties are left uninformed as to the evidentiary bases for the Board's ultimate disposition; operating in a vacuum, they are hampered, if not precluded, from formulating specific arguments for judicial review. In turn, the disposition of appeals in our appellate tribunals is delayed by the necessity of resolving broadside claims and searching the entire record. The expertise of the Industrial Board in dealing with the technical medical questions it regularly confronts is lost when its findings are perfunctorily made, and the integrity of its decision is threatened when the reviewing court must search the record and speculate as to the Board's factual analysis and rationale.

As we conclude that the Board's "Findings of Fact and Conclusions of Law" with respect to Rork's claim of permanent total disability were insufficient to satisfy these purposes, so also we find them inadequate insofar as her claim of permanent partial impairment is concerned.

Given that Rork was afflicted with "osteoarthritis, osteoporosis and certain other medical problems" prior to the work-related injury in question, her claim for permanent partial impairment fell within the ambit of Ind.Code § 22–3–3–12 (Burns 1974). The statute reads in pertinent part:

"If an employee has sustained a permanent injury either in another employment, or from other cause or causes than the employment in which he received a subsequent permanent injury by accident, such as specified in section 31, he shall be entitled to compensation for the subsequent permanent injury in the same amount as if the previous injury had not occurred: Provided, however, That if the permanent injury for which compensation is claimed, results only in the aggravation or increase of a previously sustained per-

manent injury or physical condition, regardless of the source or cause of such previously sustained injury or physical condition, *the board shall determine the extent of the previously sustained permanent injury or physical condition, as well as the extent of the aggravation or increase resulting from the subsequent permanent injury, and shall award compensation only for that part of such injury, or physical condition resulting from the subsequent permanent injury.*" *Id.* (emphasis added; footnote omitted).

The conclusion which the Board is required to make under the statute is what percentage of the claimant's impairment is attributable to the work-related injury. In its adopted "Findings of Fact and Conclusions of Law," the Board did conclude that Rork "had suffered permanent partial impairment equal to 10% of the body as a whole, and that any impairment in excess of said 10% is from conditions which are not causally connected to the accidental injury . . . ." The statement, while it embodies the ultimate conclusion required of the Board by Ind.Code § 22–3–3–12, *supra*, is nothing more than an ultimate conclusion. There is no reference to the evidentiary matters and analysis thereof upon which the conclusion is based. In short, it exemplifies those same shortcomings which we condemned in *Perez*; in addition, the question of the causal connection between a permanent condition, a work-related injury, and a pre-existing affliction or condition is a complicated medical question which particularly warrants that the experience and expertise of the Board be implemented.

For all the foregoing reasons, the cause must be remanded to the Full Industrial Board with instructions that it enter the specific findings of basic fact upon which its conclusions and award are based. Those findings should be drafted to comply both in form and substance with our decision in *Perez v. United States Steel Corporation*, *supra*, which we note was decided subsequent to the date the Board entered the findings of fact at issue. Rork's petition to transfer is granted and the decision of the Court of Appeals is reversed and vacated.

The cause is remanded to the Full Industrial Board for further proceedings not inconsistent with this opinion.

GIVAN, C. J., DeBRULER and PRENTICE, JJ., concur.

PIVARNIK, J., dissents.