FRANCES HAVERSTICK AND MARY ELLEN SCHLATER *v.* BERNARD BANAT, EXECUTOR OF THE ESTATE OF CONNIE SCHROEER, HELEN HUFFMAN, ROSE KAHOE, NORA BANAT, BERNARD BANAT, RUBY BANAT, NORMA CROW, CLARA COYLE, JUDY DORN AND PHYLLIS FULLER.

[No. 1-174A6. Filed August 4, 1975.]

*David B. Hughes, Hughes & Hughes,* of Indianapolis, *Donald E. McManamon,* of Indianapolis, *John W. Mead, Mead, Mead & Mead,* of Salem, for appellants.

*Daniel B. Burke, Jr.,* of New Albany, *John R. Gary,* of New Albany, *James D. Allen, Allen & Thompson,* of Salem, for appellees.

### ON THE APPELLEES' MOTION TO DISMISS
### APPEAL OR AFFIRM JUDGMENT

PER CURIAM—This cause is pending before the Court on the Appellees' Motion to Dismiss Appeal or in the Alternative to Affirm Judgment of the Trial Court, Brief in Support Thereof and the Appellants' Brief in Opposition Thereto. While the appellees' motion alleges various minor defects in the record of the proceedings, the principal argument is that the praecipe for the record was prematurely filed by appellants' trial counsel.

An examination of the record reveals the following sequence of events:

| | |
|---|---|
| 6-19-73 | Jury verdict returned |
| 6-25-73 | Judgment entered on the verdict |
| 6-28-73 | Praecipe filed |
| 8- 3-73 | Motion to Correct Errors filed |
| 9-12-73 | Motion to Correct Errors overruled |

No further praecipe was filed after the motion to correct errors was overruled.

Rule AP. 2(A) provides in part:

(A) Initiation of the Appeal. An appeal is initiated by filing with the clerk of the trial court a praecipe designating what is to be included in the record of the pro-

ceedings, and that said praecipe shall be filed within thirty [30] days after the court's ruling on the Motion to Correct Errors or the right to appeal will be forfeited.

Both this court and the Supreme Court in applying this rule have spoken of the necessity for filing the praecipe no *later* than 30 days after the trial court's ruling on the motion to correct errors.[1] Neither court has spoken on the problem now before us in this case, namely, the consequences of filing the praecipe before the motion to correct errors is filed and ruled upon. Since the question has not been decided in our jurisdiction, we have looked for guidance to the Federal Rules of Appellate Procedure dealing with notice of appeal and case law concerning the problem presented by the premature filing of the notice of appeal.

Rule 3 (a) of the Federal Rules of Appellate Procedure provides in part as follows:

> "An appeal permitted by law as of right from a district court to a court of appeals shall be taken by filing a notice of appeal with the clerk of the district court within the time allowed by Rule 4. . . ."

Rule 4 (a) of the Federal Rules of Appellate Procedure provides in part as follows:

> "In a civil case . . . in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days of the date of the entry of the judgment or order appealed from; . . ."

Rule 4 (b) of the Federal Rules of Appellate Procedure provides in part as follows:

---

1. *Brennan* v. *The National Bank and Trust Company of South Bend, et al.* (1972), 153 Ind. App. 628, 288 N.E.2d 573; *Bell, et al.* v. *Wabash Valley Trust Company, etc., et al.* (1972), 154 Ind. App. 575, 290 N.E.2d 454; *In Re Estate of Moore* v. *Moore* (1973), 155 Ind. App. 92, 291 N.E.2d 566; *Spencer* v. *Miller* (1973), 156 Ind. App. 462, 297 N.E.2d 491; *Sears, Roebuck and Co.* v. *Hutchens* (1973), 260 Ind. 561, 297 N.E.2d 807; *Hendrickson* v. *American Fletcher National Bank and Trust Company* (1973), 158 Ind. App. 20, 301 N.E.2d 530; *Soft Water Utilities, Inc.* v. *LeFevre* (1973), 261 Ind. 260, 301 N.E.2d 745.

"In a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of the judgment or order appealed from. . . ."

The few cases found on this point disclose that some courts have held that a prematurely filed notice of appeal, not directed to a final order, is premature, nugatory, of no effect, and as a result the reviewing court has no jurisdiction to entertain the appeal.[2]

Other courts have held that the premature notice of appeal did not deprive the reviewing court of jurisdiction, that the prematurely filed notice was continuing in effect, matured when final judgment was entered, that the premature filing of the notice of appeal was merely a defect in form, not a defect of substance, and that the defect in form was not sufficiently substantial to deprive the reviewing court of jurisdiction.[3]

Among the decisions adopting the more liberal view are two from the Supreme Court of the United States. In *Lemke* v. *United States* (1953), 346 U. S. 325, 74 S.Ct. 1, 98 L.Ed. 3, a convicted defendant was sentenced on March 10. He filed notice of appeal on March 11. Judgment was not entered until March 14. The Circuit Court of Appeals dismissed the appeal as premature. The Supreme Court reversed, stating:

"The notice of appeal filed on March 11, was, however, still on file on March 14 and gave full notice after that date, as well as before, of the sentence and judgment which petitioner challenged. We think the irregularity is governed by Rule 52(a) which reads 'Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.'"

In *Foman* v. *Davis* (1962), 371 U. S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222, the Circuit Court of Appeals dismissed because

---

2. *United States* v. *Mathews*, 462 F.2d 182 (3 Cir. 1972); *Turner, et al.* v. *HMH Publishing Co., Inc., et al.*, 328 F.2d 136 (5 Cir. 1964); *Napier* v. *The Delaware, Lackawanna and Western Railroad Company*, 223 F.2d 28 (2 Cir. 1955).

3. *Song Jook Suh* v. *Rosenberg*, 437 F.2d 1098 (9 Cir. 1971); *Curtis Gallery & Library, Inc.* v. *United States*, 388 F.2d 358 (9 Cir. 1967); *Carter* v. *Campbell*, 285 F.2d 68 (5 Cir. 1960); *Bates* v. *Batte*, 187 F.2d 142 (5 Cir. 1951).

the notice of appeal was premature. The Supreme Court reversed, stating:

"It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' Conley v. Gibson, 355 U.S. 41, 48 [78 S.Ct. 99, 2 L.Ed.2d 80]. The Rules themselves provide that they are to be construed 'to secure the just, speedy, and inexpensive determination of every action.' Rule 1."

Our own Rule TR. 1 contains the same provision that the rules shall be construed to secure the just, speedy and inexpensive determination of every action.

The several state courts have taken opposing views as to whether an appeal should be dismissed when the notice of appeal is prematurely filed, or whether the premature filing is merely a procedural irregularity not affecting the substantial rights of the parties. See cases collected at 4 Am. Jur. 2d, § 301, pp. 788, 789, and at 4A C.J.S., § 461, pp. 152-157.

Having made that survey of the law, we return to our own cases discussing our Rule AP. 2(A). In *Sears, Roebuck and Co.* v. *Hutchens* (1973), 260 Ind. 561, 297 N.E.2d 807, then Chief Justice Arterburn stated the purpose of the rule as follows:

"The present rule of this court [which is also found in the Criminal Rules in Rule CR. 11(2)] affects (sic) a substantial reduction in the time limitation within which a party must make a determination, as to whether to appeal the trial court's decision.

This requirement was adopted by this court because of the flagrant abuse of the previous rule as practiced, this case being a classic example, of waiting until the ninety (90) day period previously provided was about to expire, then filing the praecipe for the record, and then asking for more time to get the record prepared. What had to follow was the misrepresentation to this court in the petition for time:

'That notwithstanding due diligence on the part of the undersigned attorney for the appellant . . . it has been and will be impossible to procure a record of proceedings within the time allowed.'

"This past practice made a farce of the rules of this court in the ease with which a petition for an extension of time to file record could be granted in such circumstances and resulted in the appellant's attorney having more than the ninety (90) days period within which to submit the record, due actually to lack of diligence."

\* \* \*

"This present rule is designed to be in harmony with the goal of speedy justice and will tend toward expediting the submission of all appeals within ninety (90) days of the ruling on the motion to correct errors."

In *Soft Water Utilities, Inc.* v. *LeFevre* (1973), 261 Ind. 260, 301 N.E.2d 745, Justice Hunter, in discussing the application of Rule AP. 2(A) vis á vis Rule TR. 60, stated:

"Certainly, the orderly procedure of our judicial system calls for adherence to rules designed to achieve that goal. But we should never ignore the plain fact that the consequence of strict adherence to procedural rules may occasionally defeat rather than promote the ends of justice. Similarly, if trial courts and courts of appeal were to rigidly apply Appellate Rule 2(A) in all cases, the provisions of Trial Rule 60(B) would be rendered meaningless. Such is not the desired effect of our flexible rules of procedure."

Given the stated *raison d' etre* of Rule AP. 2(A) to be the hastening of the submission of appeals, and given the admonition that in some instances the strict application of the rules may defeat the ends of justice, it cannot be said that the premature filing of the praecipe does violence to the intent of the rule. While the premature filing is a procedural irregularity, it has not been demonstrated in this case that the substantial rights of any party have been adversely affected thereby. We therefore hold that the premature filing of the praecipe does not defeat our jurisdiction over this case, and that it is neither cause for dismissal or affirmance. We further hold that the prematurely filed praecipe was continuing

in nature, was in effect when the motion to correct errors was filed and subsequently denied, and therefore served to bring those matters into the record for appeal. The complete record from the trial court appears to be before us, and we see no reason to disclaim jurisdiction merely because of this particular irregularity.

The only other point of appellees' motion which is of any particular import is that the Clerk's Certificate to the record of the proceedings does not bear the seal of the court. The appellant has asked leave to correct that omission by having the clerk affix the seal of the Court to the certificate which we are granting by separate order. The remaining points of the appellees' motion do not allege sufficient cause to either dismiss the appeal or to affirm the judgment.

The appellees' Motion to Dismiss the Appeal or in the Alternative Affirm the Judgment of the Trial Court is denied.

NOTE.—Reported at 331 N.E.2d 791.