**Woodrow TALAS, Appellant (Plaintiff below),**

v.

**CORRECT PIPING COMPANY, INC., Appellee (Defendant below).**

**No. 381S52.**

Supreme Court of Indiana.

March 2, 1981.

Michael R. Morow, Munster, of counsel; Leonard M. Ring & Assoc., Chicago, Ill., for appellant.

Samuel J. Furlin, Merrillville, for appellee.

HUNTER, Justice.

This case is before this Court upon the petition to transfer of plaintiff-appellant Woodrow Talas. Mr. Talas was injured in a work-related accident resulting in traumatic quadriplegia. For approximately four months, plaintiff received around-the-clock nursing care at his home which was paid for by his employer's insurance carrier. The payments then stopped, and the continuous care was soon terminated thereafter. Plaintiff then filed an emergency petition with the Industrial Board of Indiana, seeking to have his employer resume paying for the twenty-four hour nursing care. He contended that without the exercise programs administered by the nurses, his joints stiffened, and he lost the feeling in some areas of his body which he had regained through the exercising.

A hearing was held before a single hearing officer who granted plaintiff's petition, finding him to be "100% totally permanently disabled and in need of further medical care in order to reduce his disability or impairment." The employer appealed to

the full Board which, after a second hearing, reversed the earlier ruling and ordered that plaintiff take nothing. The Court of Appeals, First District, affirmed in a unanimous opinion. *Talas v. Correct Piping Co.*, (1980) Ind.App., 409 N.E.2d 1223. Transfer is now granted, and the decision and opinion of the Court of Appeals are hereby vacated.

One issue before the Court of Appeals was whether or not the findings made by the full Board were adequate for purposes of judicial review. The Court of Appeals held that even though the findings were minimally adequate at best, they were still sufficient "due to the circumstances of the case, the record before this court, and the standard of appellate review, ...." *Id.* at 1228. We must disagree.

The Board made no findings of fact. It simply stated:

> "It is further found that the Full Industrial Board by the majority of its members overrules the Single Hearing Member's decision on said Emergency Petition and said Petitioner shall take nothing."

In *Hawley v. Department of Redevelopment*, (1978) Ind., 383 N.E.2d 333, we recognized that administrative agencies must in all cases set out written findings of fact in support of their decision so that an appellate court may intelligently review the decision without speculating as to the agency's reasoning. Written findings of fact were said to help maintain the integrity of the agency's decision by insuring that review was strictly limited to those findings. *See also Kunz v. Waterman*, (1972) 258 Ind. 573, 283 N.E.2d 371. The findings must be specific and not general. *Securities Commission of Indiana v. Holovachka*, (1955) 234 Ind. 135, 124 N.E.2d 380; *Public Service Commission v. Fort Wayne Union Railway*, (1953) 232 Ind. 82, 111 N.E.2d 719.

Here, the Board has clearly not satisfied this requirement. Nor can the error be considered harmless. The original finder of fact found for plaintiff, and we are without a record of the second hearing. We also reject the employer's suggestion that any defect can be cured by the full Board's

inclusion of the hearing officer's order in its order. First, we note that the Board included the hearing officer's *order*, not his findings. Second, even if the hearing officer's findings were incorporated into the Board's order, we fail to see how this action could cure the Board's deficiency. The Board reversed the hearing officer's decision, and therefore it was necessary for the Board to explain its reasons for reversal. Here, the Board not only failed to make an ultimate finding of fact, but it also failed to make specific, basic findings of fact to support the ultimate finding.

Therefore, in order for a proper review of this case, the cause is remanded to the Industrial Board with instructions to make specific findings of fact. Plaintiff has made other allegations of error by the Board, but we believe that consideration of them should be postponed until the Board has taken further action consistent with this opinion.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.