James M. VANDIVER, M.D., Appellant
(Plaintiff Below),

v.

MARION COUNTY, Indiana; William H. Hudnut, III in his capacity as Chief Executive of Marion County, Indiana; The Board of Commissioners of Marion County, Indiana; Edward R. Buckley, in his capacity as Commissioner & Treasurer of Marion County, Indiana; Curtis L. Coonrod, in his capacity as Commissioner & Auditor of Marion County, Indiana; Bernard J. Gohman, Jr., in his capacity as Commissioner of Marion County, Indiana; and the Marion County Department of Public Welfare, Appellees (Defendants Below).

No. 30A01–8909–CV–387.

Court of Appeals of Indiana,
First District.

June 18, 1990.

Rehearing Denied July 30, 1990.

James E. Daugherty, Robert M. Mirkov, Law Offices of James E. Daugherty, Merrillville, Timothy Kennedy, Hall Render Killian Heath & Lyman, P.C., Indianapolis, for appellant.

Dale R. Simmons, City–County Legal Div., Darrell D. Norris, Brainard & Norris, Indianapolis, for appellee.

ROBERTSON, Judge.

James M. Vandiver, M.D. appeals a summary judgment on his complaint against the Marion County Department of Public Welfare (hereinafter DPW) and various other defendants (collectively referred to as the county defendants) by which he sought compensation for medical services provided to indigent persons.

We affirm and remand.

In his complaint, Vandiver alleges that he is a member of a class of Marion County physicians entitled to compensation for medical services rendered prior to January 1, 1987 to certain indigent persons who were investigated by the DPW and found to be eligible for assistance in the payment of their medical and hospital expenses pursuant to Indiana's Hospital Care for the Indigent (HCI) Act, IND.CODE 12–5–6–1 (now repealed). Vandiver alleges applications for payment were submitted for medical services provided two patients, Sharon Oliver and Joseph Sells, in the amount of $2,570.00 but the DPW has not compensated him for those services. Vandiver also seeks compensation for medical care he provided to an undetermined number of patients approved for HCI assistance but whose identities are unknown to him at this time.

The DPW's motion to dismiss[1] and/or for summary judgment, premised upon Ind.

---

1. When a trial court is confronted with a motion to dismiss under Ind. Trial Rule 12(B)(1), it must then decide upon the complaint, the motion, and any affidavits or other evidence submitted whether or not it possesses the authority to further adjudicate the action. In reaching its decision, the trial court may weigh the evidence. *Cooper v. County Bd. of Review of Grant County* (1971), 150 Ind.App. 232, 276 N.E.2d 533, 536.

Trial Rules 12(B)(1) and (6), 17(A), 23, and/or 56, asserted various grounds, among them, that Vandiver lacked standing to assert a claim under the HCI Act; that there had been an accord and satisfaction or release of Vandiver's claims; that Vandiver's claims were untimely; that Vandiver failed to exhaust administrative remedies; that Vandiver's cause of action was not one proper for certification under T.R. 23; and that the DPW exercised the discretion expressly granted it by the legislature not to pay HCI claims for hospital care provided before January 1, 1987. The county defendants filed a similar motion seeking alternatively dismissal or summary judgment and reiterating many of the same grounds asserted by the DPW. After hearings on the defendants' motions, the trial court ultimately granted both motions, its decision taking the form of a general summary judgment.

 The first issue which confronts us is whether the premature filing of Vandiver's praecipe for a transcript prevents this court from exercising jurisdiction over Vandiver's appeal. The trial court granted the DPW's motion for summary judgment on July 11, 1989 but did not grant summary judgment as to the remaining seven defendants until August 11, 1989. Vandiver filed his praecipe in the interim, on July 27, 1989.

In *Haverstick v. Banat* (1975), 165 Ind. App. 275, 331 N.E.2d 791, this court held that the premature filing of a praecipe was a procedural irregularity which did not adversely affect the substantial rights of any party or defeat appellate jurisdiction. We observed there that App.R. 2(A) was designed to hasten the submission of appeals, a purpose which would not be furthered by strict application of the rule.

 App.R. 2(A) has been amended since our decision in *Haverstick*[2] but the amendment does not necessitate a change

in interpretation. A praecipe is still nothing more than a request of the clerk for a certified transcript, something to which a party is entitled at any time. *Lies v. Ortho Pharmaceutical Corp.* (1972), 259 Ind. 192, 286 N.E.2d 170, 174. It does not depend upon the substance of the court's final ruling and needs no action or approval whatsoever from the judge. *Id.* Once the transcript is acquired, the praecipe is no longer critical to an expedient exercise of appellate jurisdiction, unless it was late, in which case the right to appeal is forfeited.

 The DPW and county defendants contest Dr. Vandiver's standing to bring a claim for reimbursement. They argue that as a physician, Vandiver cannot compel payment from them because the Hospital Care for the Indigent Act was intended to be a mechanism for payment of costs incurred by licensed *hospitals* which provide emergency medical care and treatment, not physicians or care providers generally.

As we read Vandiver's one-count amended complaint, Vandiver alleges that he is entitled to compensation from the defendants for services rendered certain indigents *solely* on the basis of the HCI Act.[3] Insofar as his entitlement to recovery in this action is dependent upon an interpretation of the Act, Vandiver seeks a declaration that the Act permits his recovery. Accordingly, we find rules of standing, premised upon the Declaratory Judgment Act, I.C. 34–4–10–2, to be applicable in this context.

 Indiana's doctrine of standing focuses on whether the complaining party is the proper person to invoke the court's power. It is designed to assure that litigation will be actively and vigorously contested. *Schloss v. City of Indianapolis*, 553 N.E.2d 1204, 1205 (Ind.1990). The standing requirement restricts the courts to real controversies in which the complaining par-

---

**2.** App.R. 2 now reads:
 ... the praecipe shall be filed within thirty (30) days after the entry of a final judgment or an appealable final order or, if a motion to correct error is filed, within thirty (30) days after the court's ruling on such motion ... unless the praecipe is filed within such time

period, the right to appeal will be forfeited....

**3.** Vandiver's brief suggests that he is relying upon a quantum meruit theory as an alternative basis of recovery.

ty has a demonstrable injury. *Id.* To possess standing, a plaintiff must demonstrate a personal stake in the outcome of the lawsuit and must show that he has sustained or was in immediate danger of sustaining some direct injury as a result of the conduct at issue. *Id.* citing *Higgins v. Hale* (1985), Ind., 476 N.E.2d 95, 101.

Vandiver is a physician who provided emergency medical treatment in a qualified hospital to certain indigents determined by the DPW to be eligible for assistance. Vandiver values his services to the two named patients at $2,570.00. Vandiver would thus suffer direct injury if the DPW had no obligation under the HCI Act to pay the costs of treatment. Likewise, Vandiver has a personal stake in the outcome of this litigation. If he prevails, he will be entitled to payment for his services. *Cf. Lutheran Hospital v. Dept. of Public Welfare* (1979), Ind.App., 397 N.E.2d 638.

The DPW and county defendants analogize the HCI program to Indiana's Medical Assistance program. In that context, we have determined that licensed pharmacists certified to participate in what is in effect the Medicaid program and who furnished prescription drugs as "providers" to recipients under the program lacked standing to challenge the medical assistance program's reimbursement scheme. *State Dept. of Public Welfare v. Bair* (1984), Ind.App., 463 N.E.2d 1388, *trans. denied.* There, however, the pharmacists maintained that the state department of public welfare failed to establish the necessary standards and procedures to ensure such reimbursements; they sought injunctive and declaratory relief to force the defendants to adopt necessary standards and make proper reimbursements. 463 N.E.2d at 1389. Vandiver is not challenging the statutory reimbursement mechanism or payment schedule. He is seeking a determination that he is a person entitled to reimbursement un-

der the Act. Vandiver has a demonstrable interest in the resolution of that question. He has standing to request an interpretation of the HCI Act.

■■■ Despite our determination that Vandiver's action is justiciable, we must agree with the DPW that the trial court correctly refused to exercise jurisdiction at this time. Resort to the judicial process must ordinarily be postponed until administrative remedies capable of rectifying the claimed error have been pursued to finality. *Ind. State Dept. of Public Welfare v. Stagner* (1980), Ind.App., 410 N.E.2d 1348, 1351. I.C. 12–5–6–8 (1981)[4] provides:

> ... If any county department of public welfare ... fails or refuses to accept responsibility for payment of medical or hospital care under this chapter; any person affected may appeal to the state department of public welfare within one hundred eighty (180) days of the receipt of the application ... [T]he state department of public welfare shall determine the eligibility of the person for payment of cost of medical or hospital care ... and if found to be eligible, shall determine the responsible county and the reasonable cost of such care due the persons furnishing the care. A person aggrieved by the determination may appeal the determination under IC 4–22–1.

Vandiver argues that the requirement of administrative review applies only in situations where no county accepts responsibility for payment. He reads this section in conjunction with I.C. 12–5–6–6 which establishes the manner of identifying the governmental unit responsible for payment.

■■■ While we agree with Vandiver that I.C. 12–5–6–8 applies in situations where a determination of the responsible county is necessary, we must reject his contention that the section applies to providers of ser-

---

**4.** The legislature amended the HCI Act, PL 16–1986, effective July 1, 1986. Primarily, the amendment shifted responsibilities for various aspects of the program between the state and county departments. At that time, the General Assembly reduced the period for appeal to the state department of public welfare, contained in I.C. 12–5–6–8, to ninety (90) days.

Vandiver alleges he treated Oliver on three distinct occasions, the last period of treatment occurring from June 22, 1986 through July 3, 1986. He treated Sells on two occasions after July 1, 1986: On June 27, 1986 through July 12, 1986 and July 25, 1986 through July 28, 1986.

vices only under those circumstances. The Hospital Medical Act, I.C. 12–5–2–2, (now repealed) which preceded the HCI program, contained a very similar provision:

> ... *if the county responsible* for the payment of the cost of the medical or hospital care of the injured or ill person fails or refuses to accept responsibility for the payment of such costs, the hospital or physician affected thereby may appeal the matter to the state department of public welfare. (Emphasis supplied.)

We held in *St. Joseph Hospital, Inc. of Fort Wayne v. Huntington County Department of Public Welfare* (1980), Ind. App., 405 N.E.2d 627, 630 that the Hospital Medical Act unequivocally set forth an administrative procedure which must be followed before judicial remedies may be had by a hospital providing care. We must presume that the legislature was aware of our interpretation of I.C. 12–5–2–2 and did not intend to make any change beyond what it declared either in express terms or by unmistakable implication. *State Farm v. Structo Div'n, King Seeley* (1989), Ind., 540 N.E.2d 597, 598. The legislature retained I.C. 12–5–6–8 in substance when responsibility for payment of costs and administering the program shifted to the state and the question of responsible county was eliminated. The unmistakable implication is therefore that it intended the administrative appeal procedure contained in the HCI Act to be utilized by service providers when the state or county refuses to act.

Vandiver alleges in his complaint that an application was made for each of the patients, that the applications were investigated and the DPW determined that the patients were eligible to receive HCI assistance but the DPW and county defendants failed and refused to pay Vandiver for his services. Vandiver's complaint does not allege and he does not offer evidence that as a person affected he appealed to the Indiana Department of Public Welfare for an administrative order directing the DPW to pay the reasonable costs of his services. Finally, Vandiver does not argue that under the circumstances exhaustion is not required.

Vandiver does contend that the defendants acted in bad faith and refused to pay a single provider claim according to the procedure provided by the Act. Even so, we have carefully examined the record and have found no evidence that appeal to the *state* department of public welfare would be fruitless. To the contrary, Vandiver's own exhibits show that the Indiana Department of Public Welfare interpreted the HCI statutes, before and after amendment in 1986, to allow compensation directly to physicians for medical services rendered to an individual deemed to be eligible for HCI benefits. (R. 171).

Compliance with statutory requirements in an action for judicial review of an administrative determination is a condition precedent to the exercise of jurisdiction by a trial court. A plaintiff who fails to avail himself of his statutory remedies is precluded from bringing an independent class action for relief. The right of a class to recover is contingent upon the right of action in the named plaintiff. If his action fails, the class action fails also. *Warram v. Stanton* (1981), Ind.App., 415 N.E.2d 114, 116, 117. *Accord Spencer v. State* (1988), Ind.App., 520 N.E.2d 106, 110, *trans. denied; May v. Blinzinger* (1984), Ind.App., 460 N.E.2d 546, 551, *trans. denied.*

The record establishes that both the DPW and county defendants were entitled to a dismissal as a matter of law because the exhaustion of administrative remedies is a prerequisite to the trial court's jurisdiction. *Ind. Dept. of Highways v. Dixon* (1989), Ind., 541 N.E.2d 877, 879. The trial court therefore properly granted the defendants' respective motions. The judgment shall be corrected to properly reflect a dismissal rather than summary judgment. In all other things, the trial court is affirmed.

Judgment affirmed and remanded.

RATLIFF, C.J., and SHIELDS, P.J., concur.