Gregory JACKSON, Appellant–Plaintiff,

v.

CIGNA/FORD ELECTRONICS and REFRIGERATION CORP., Appellee–Defendant.

No. 93A02–9606–EX–373.

Court of Appeals of Indiana.

March 21, 1997.

Gregory Jackson, Connersville, pro se.

Van A. Nation, Stewart & Irwin, Indianapolis, for Appellee.

## OPINION

SHARPNACK, Chief Judge.

Gregory Jackson, *pro se,* appeals the order of the Worker's Compensation Board

("board"). The dispositive issue raised for our review is whether the board properly concluded that Jackson's application for review was untimely. We reverse and remand with instructions.

*Facts*

Jackson worked for Ford Electronic & Refrigeration Corporation as a stock chaser. On October 29, 1991, Jackson injured his back while loading parts onto an assembly line. On November 11, 1991, Ford filed a report of injury with the board, noting that Jackson sustained a lumbosacral sprain/strain.

On August 17, 1992, Jackson's treating physician, Dr. Lynette Green–Mack, released Jackson to return to work with restrictions. On August 19, 1992, Jackson's supervisor ordered him to perform work outside the scope of the restrictions imposed by Dr. Green–Mack. Jackson was subsequently sent home by the company nurse after complaining of pain. The nurse sent him home several times in the days following this incident because of pain. On August 25, 1992, Ford notified Jackson that there was "[n]o job to fit restriction at this time." Record, p. 75. As a result of Ford's notice, Jackson pursued a labor union grievance.

On September 1, 1992, Dr. Green–Mack assigned Jackson a permanent partial impairment ("PPI") rating of seven percent of the body attributable to his workplace injury. On October 6, 1992, as a result of this determination, Ford filed a termination of Jackson's temporary total disability ("TTD") benefits with the board. In response, Jackson filed an application for adjustment of claim with the board.

On March 23, 1995, a hearing was held before Douglas Meagher, a hearing officer with the board, on Jackson's application for adjustment of claim. The parties stipulated that the issues to be decided by Judge Meagher involved Jackson's claim for continuing medical expenses, for continuing TTD benefits, and for an appropriate PPI rating. On March 24, 1995, Jackson filed a letter with the board expressing his dissatisfaction with the hearing before Judge Meagher and requesting that the matter be set for a hearing before the full board. Jackson indicated that he "wish[ed] to officially enter my appeal against any ruling that Judge Douglas Meagher may hand down." Record, p. 8.

On July 5, 1995, Judge Meagher issued an order and award requiring Ford to pay (1) TTD benefits for twenty and five/sevenths weeks in the amount of $211.48 per week, (2) PPI benefits totaling $6,000 for a twelve percent impairment to his body, and (3) all statutory medical and mileage expenses. In the conclusions of law, Judge Meagher found that Jackson's PPI might be reduced by appropriate surgery. As a result, the order required Jackson to decide within ten days from the date of the award whether he wanted to undergo surgery to reduce his PPI. The award further provided that if Jackson chose to undergo the surgery, Ford was required to pay statutory medical expenses, TTD benefits, and a revised PPI award. However, if Jackson elected to forego the surgery, Ford was required to pay the PPI award of twelve percent. Finally, the award noted that "[t]his period of ten days [to decide whether to have the surgery] is sufficient to allow [Jackson] to decide this matter and protect the rights of the parties to appeal this decision within twenty days of the date of award as described in IC 22–3–4–7." Record, p. 42.

On July 24, 1995, Ford filed an application for review by the full board alleging that the award was not sustained by sufficient evidence. In a letter addressed to Ford's counsel, dated October 10, 1995, and filed with the board on October 20, 1995, Jackson requested, *inter alia*, that "this matter [be set] for hearing before the Full Worker's Compensation Board of Indiana...." Record, p. 50.

On February 14, 1996, the full board gave notice of a hearing to be held before it on March 25, 1996. On February 29, 1996, Ford filed its notice of withdrawal of application for review before the full board. On May 21, 1996, the full board found as follows:

"1.   On the 24th day of July, 1995, defendant filed its Application for Review by Full Board.

2. On the 20th day of October, 1995, plaintiff in letter form filed his Application for Review by Full Board.

3. On the 29th day of February, 1996, defendant filed its Notice of Withdrawal of Application for Review Before the Full Board.

It is further found by the majority of the Judges of the Full Worker's Compensation Board that plaintiff's Application for Review Before the Full Board was not timely filed; that the Single Hearing Judge's decision should be adopted."

Record, pp. 54–55. Jackson now appeals from this order.

### Discussion

The dispositive issue raised for our review is whether the board properly found that Jackson's application for review was untimely. Jackson challenges both the board's characterization of his October 20, 1995, letter as the application for review and the board's failure to consider his letter filed March 24, 1995, as the application for review. The board's order is silent as to the effect of the March 24, 1995, letter.[1] Ford similarly failed to address the significance of the letter.

▪ Jackson does not provide any authority explaining the effect of a premature application for review,[2] and our own research discovered no case directly on point. Accordingly, the question of whether the premature filing of an application for review by the full worker's compensation board satisfies the filing requirements of Ind.Code

§ 22–3–4–7 is one of first impression in Indiana.

▪ By statute, if an employer and an injured employee disagree as to the compensation to be paid to the employee, either party may apply to the board "for the determination of the matters in dispute." I.C. § 22–3–4–5(a). The matter in dispute shall be heard by "[t]he board by any or all of its members...." I.C. § 22–3–4–6. If a matter is heard by less than all of the members of the board, a party may apply for review by the full board as follows:

"If an application for review is made to the board within twenty (20) days from the date of the award made by less than all the members, the full board, if the first hearing was not held before the full board, shall review the evidence, or, if deemed advisable, hear the parties at issues, ... and shall make an award and file the same with the finding of the facts on which it is based...."

I.C. § 22–3–4–7. An award by less than all of the members of the board and not reviewed by the full board pursuant to I.C. § 22–3–4–7 is deemed final and conclusive. I.C. § 22–3–4–8(a). In addition, "[a]n award by the full board shall be conclusive and binding as to all questions of the fact, but either party to the dispute may, within thirty (30) days from the date of such award, appeal to the court of appeals for errors of law...." I.C. § 22–3–4–8(b).

Although the statute provides that a party may obtain full board review by filing an application for review "within twenty (20)

---

1. The record reveals that the letter was filed with the board on March 24, 1995. The record also reveals that the full board held a hearing during which it heard arguments by the parties and reviewed "all the evidence in said cause." Record, p. 52. Although the record does not reveal whether the hearing was recorded, a transcript of the hearing was not included in the record of proceedings. Further, the board's final order does not address the effect of the letter dated March 24, 1995. Because there is no transcript of the hearing before the full board and because the board's order is silent as to the letter, we cannot determine whether Jackson raised the argument that the letter constituted a timely application for review during the hearing before the full board.

2. Ford argues as a threshold matter that Jackson waived this appeal because he failed to comply with several of the appellate rules of procedure, including the rule requiring support for each allegation of error with citation to authority. See Ind. Appellate Rule 8.3(A)(7). Although many of the arguments presented in Jackson's brief could be waived because of the deficiencies in his brief, we do not need to reach them in any event given our disposition of the application for review issue. Jackson's argument with respect to this issue, although neither articulate nor complete, is barely sufficient to satisfy the requirements of the appellate rules. Because Jackson has minimally satisfied the appellate rules, we will consider this issue.

days from the date of the award," we find that the purposes underlying the timeliness factor are satisfied by the premature filing of the application. We find support for our decision in two cases decided by this court regarding the effect of the premature filing of a praecipe, *Haverstick v. Banat*, 165 Ind. App. 275, 331 N.E.2d 791 (1975), and *Vandiver v. Marion County*, 555 N.E.2d 839 (Ind. Ct.App.1990).

In *Haverstick*, the appellant filed a praecipe after a judgment was entered on the verdict, but before the filing of a motion to correct errors. The motion to correct errors was subsequently overruled, and no further praecipe was filed. The appellees filed a motion to dismiss the appeal because of the premature praecipe filed in violation of Ind. Appellate Rule 2(A).[3] In *Haverstick*, the first case addressing the consequences of filing a praecipe before the motion to correct errors is filed and ruled upon, we considered the case law of other jurisdictions before rendering our decision.

We noted that certain jurisdictions found that a prematurely filed notice of appeal, not directed to a final order, was nugatory, of no effect, and not able to vest the court with jurisdiction. *Haverstick*, 165 Ind.App. at 278, 331 N.E.2d at 792 n. 2 and accompanying text. We also noted that other jurisdictions concluded that the premature notice of appeal did not deprive the reviewing court of jurisdiction, that the notice had continuing effect which matured when final judgment was entered, that the premature notice was simply a defect in form and not a defect in substance, and that the defect in form was not sufficient to deprive the reviewing court of jurisdiction. *Id.*, 331 N.E.2d at 793 n. 3 and accompanying text. After considering these opposing rationales, we concluded that the premature filing of the praecipe did not deny a reviewing court of jurisdiction:

"Given the stated *raison d'etre* of Rule AP. 2(A) to be the hastening of the submission of appeals, and given the admonition that

in some instances the strict application of the rules may defeat the ends of justice, it cannot be said that the premature filing of the praecipe does violence to the intent of the rule. While the premature filing is a procedural irregularity, it has not been demonstrated in this case that the substantial rights of any party have been adversely affected thereby. We therefore hold that the premature filing of the praecipe does not defeat our jurisdiction over this case, and that it is neither cause for dismissal or affirmance. We further hold that the prematurely filed praecipe was continuing in nature, was in effect when the motion to correct errors was filed and subsequently denied, and therefore served to bring those matters into the record for appeal. The complete record from the trial court appears to be before us, and we see no reason to disclaim jurisdiction merely because of this particular irregularity."

*Id.* at 280–281, 331 N.E.2d at 794.

In *Vandiver*, Vandiver appealed the entry of summary judgment on his complaint against the Department of Public Welfare ("DPW") and other defendants. The trial court granted the DPW's motion for summary judgment on July 11, 1989, but did not grant summary judgment to the other defendants until August 11, 1989. Vandiver filed his praecipe on July 27, 1989. Relying on *Haverstick*, we held that the premature praecipe did not forfeit the right to appeal:

"App.R. 2(A) has been amended since our decision in *Haverstick* but the amendment does not necessitate a change in interpretation. A praecipe is still nothing more than a request of the clerk for a certified transcript, something to which a party is entitled at any time. It does not depend upon the substance of the court's final ruling and needs no action or approval whatsoever from the judge. Once the transcript is acquired, the praecipe is no

---

**3.** Before its amendment, Ind.App.R. 2(A) provided in part:

"(A) Initiation of the Appeal. An appeal is initiated by filing with the clerk of the trial court a praecipe designating what is to be included in the record of proceedings, and that

said praecipe shall be filed within thirty [30] days after the court's ruling on the motion to correct errors or the right to appeal will be forfeited."

*Haverstick*, 165 Ind.App. at 276–277, 331 N.E.2d at 792.

longer critical to an expedient exercise of appellate jurisdiction, unless it was late, in which case the right to appeal is forfeited."

*Vandiver,* 555 N.E.2d at 841 (citations omitted) (footnote omitted).

■ In keeping with the rationale of *Haverstick* and *Vandiver,* we find that the premature filing of an application for review similarly does not forfeit the right to administrative review. The purpose of requiring an application for review to be filed within twenty days of the award is to obtain the speedy disposal of a claim. *Rork v. Szabo Foods,* 436 N.E.2d 64, 67 (Ind.1982). "The economic impact on the family which suffers a disabling work-related injury to one of its income-producing members, or to its sole breadwinner, is immediate; a speedy disposition of a compensation claim alleviates the impact." *Id.* The other purpose is to provide notice to the opposing parties of the intent to appeal the single hearing officer's award.

Both purposes are satisfied by permitting the premature filing of the application. The application for review, filed March 24, 1995, clearly notified Ford of Jackson's intent to appeal the award. Moreover, the premature application did nothing to prevent the full board from promptly resolving Jackson's claim. Further, it has not been demonstrated that the substantial rights of either party have been adversely affected by the premature filing. *See Haverstick,* 165 Ind.App. at 280, 331 N.E.2d at 794. In fact, in this case Ford also filed an application for review, and, although the application was ultimately withdrawn, the mere filing of it provided notice to the parties and the full board of the need to review the claim. Given these factors, we see no reason to deny Jackson the right to review by the full board.

Therefore, we find that the board improperly disregarded Jackson's March 24, 1995, letter as an application for review.[4] As a result, we find that the board erroneously concluded that Jackson's application for review was untimely. We must next determine the effect of this error.

■■ If a party timely files an application for review, the statute requires the board to hold a hearing if the first hearing was not before the full board, review the evidence or hear the parties, and make an award and "file the same with the finding of the facts on which it is based." I.C. § 22–3–4–7. An administrative agency must in all cases set out written findings of fact in support of its decision so that an appellate court may intelligently review the decision without speculating as to the agency's rationale. *Talas v. Correct Piping Co.,* 275 Ind. 261, 416 N.E.2d 845, 846 (1981); *Perez v. United States Steel Corp.,* 426 N.E.2d 29, 31 (Ind.1981). "It is the Full Industrial Board's opinion which the legislature has required; the requirement that the seven members of the Board enumerate their findings of fact is a prophylactic measure against arbitrary or hastily drawn decisions...." *Rork,* 436 N.E.2d at 67.

■ Although the record discloses that the full board held a hearing on the application for review and considered "all the evidence in said cause," the final order does not include an award with the findings of fact upon which it is based. Further, because there is no transcript of the hearing, we cannot discern whether the board heard arguments as to the ultimate factual issues to be resolved on Jackson's application for adjustment of claim or whether it restricted the hearing to whether Jackson's application was timely. The board's order merely addresses the erroneous finding that Jackson's application for review was untimely and, therefore, concludes that "the Single Hearing Judge's decision should be adopted." Record, p. 54–55. This statement is not sufficient to enable us to intelligently review the decision. Therefore, we must remand the case.

For the foregoing reasons, this cause is remanded to the full board with instructions to either (1) hold another hearing for the purpose of obtaining evidence or hearing arguments as to the issues raised in Jackson's application for adjustment of claim or (2) enter the specific findings of fact upon which the award is based, if the former hearing enabled the board to make factual determina-

---

4. Because of this finding, we need not consider Jackson's claim that the board erroneously char-

acterized his October 20, 1995, letter as an application for review.

tions as to the issues raised in Jackson's application for adjustment of claim.

Reversed and remanded with instructions.

RUCKER and DARDEN, JJ., concur.