Kenneth D. IVY, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 79A02–0503–CV–177.

Court of Appeals of Indiana.

March 16, 2006.

Publication Ordered May 10, 2006.

Kenneth D. Ivy, Michigan City, pro se.

Steve Carter, Attorney General of Indiana, Deanna L. Brunner, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BAKER, Judge.

Appellant-petitioner Kenneth D. Ivy appeals the trial court's denial of his Motion for Dismissal and Forfeiture Claim and Return of Movant's Property. Specifically, he alleges that the trial court erred in denying his motion to dismiss the forfeiture claim and in granting the State's motion for summary judgment regarding the $2,800 confiscated from Ivy when he was arrested for false informing. Finding that there was no evidence introduced at the summary judgment hearing to support a finding that Ivy's money was connected to drug dealing, we reverse and remand for trial.

### FACTS

On December 30, 2000, Ivy was a backseat passenger in a vehicle that instigated a hit and run accident in Lafayette. In the investigation of the accident, the police spoke with Ivy. He stated that his name was Markis Ivy and that his birthdate was November 18, 1976. But one of the officers recognized Ivy from a previous arrest and identified him as Kenneth Ivy, with a birth date of April 6, 1978. The police then arrested Ivy for false informing. During his arrest, the police searched Ivy and discovered $2,800 in his pocket, which the police confiscated. The police also recovered a shoebox, which contained a set of scales.

In an entirely separate incident on February 14, 2001, the police arrested Ivy on

numerous drug charges, including dealing in cocaine and conspiracy to commit dealing in cocaine. Ivy was subsequently convicted of these charges. On October 11, 2002, the trial court dismissed the false informing charges stemming from the December 30, 2000, incident at the State's request.

On May 24, 2001, the State filed a complaint for forfeiture against Ivy for the forfeiture of his property seized during the false informing arrest, including the $2,800. On November 21, 2002, the criminal court in Ivy's false informing case conditionally granted Ivy's petition to return the property. On December 20, 2002, the State filed an objection to the grant of Ivy's petition because the criminal court lacked jurisdiction over the disposition of Ivy's property. On January 7, 2003, the criminal court denied Ivy's motion for return of his property, citing its own lack of jurisdiction.

On November 15, 2004, Ivy filed a motion for dismissal of the forfeiture action and for the return of his property with the forfeiture court. On January 19, 2005, the State filed its motion for summary judgment, alleging that the money had been seized from Ivy "in connection with charges filed against Defendant Ivy in [the cocaine charges]." Appellant's App. p. 14. On February 3, 2005, the trial court held a hearing, and on February 8, 2005, the trial court denied Ivy's motion. But the trial court did not enter an order granting the State's motion for summary judgment until March 22, 2005. Meanwhile, Ivy filed his notice of appeal on February 22, 2005. After several extensions of time, appellate briefing was completed on February 8, 2006.

## DISCUSSION AND DECISION

Ivy argues that the trial court erred in denying his motion to dismiss the forfei-ture action and return his money. Initially, we note that this case is rife with procedural irregularities that we must address before we can reach the merits of this case.

First, the State argues that Ivy's notice of appeal was filed prematurely. In order to initiate a timely appeal from a final judgment, a party must file a notice of appeal with the trial court clerk within thirty days after the entry of a final judgment. Ind.App. R. 9(A). A notice filed before final judgment cannot be considered as the notice of appeal for a later decided event. *Walls v. State,* 603 N.E.2d 903, 904 (Ind.Ct.App.1992). The State correctly notes that summary judgment was not granted in favor of the State until after Ivy filed the present appeal. But a premature filing of a praecipe or notice of appeal is simply a defect in form that is capable of being cured. *Harris v. Harris,* 800 N.E.2d 930, 936 (Ind.Ct.App.2003) (citing *Haverstick v. Banat,* 165 Ind.App. 275, 280, 331 N.E.2d 791, 794 (1975)). In *Haverstick* and again in *Jackson v. Cigna/Ford Elecs. & Refrigeration Corp.,* 677 N.E.2d 1098, 1102 (Ind.Ct.App.1997), we held that where the premature filing did not adversely affect the substantial rights of either party, the claimant's right to review was not forfeited.

Here, we conclude that Ivy's premature filing of the notice of appeal is simply a procedural defect capable of being cured. The only action taken by the trial court in this case after Ivy filed his notice of appeal was to grant summary judgment to the State. That grant of summary judgment only made clear what was implicit in the trial court's denial of Ivy's motion for dismissal of the forfeiture action and for the return of his property—Ivy was not getting his money back. The premature filing did not adversely affect the State; instead, it put the State on advance notice

that Ivy was going to appeal the trial court's denial of his request to have his money returned. Thus, the defect is cured, and Ivy's notice of appeal is rendered timely.

Furthermore, Indiana Trial Rule 12(B) states, "If, on a [motion to dismiss], matters outside the pleading are presented to and not excluded by the trial court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Because the trial court held a hearing on the summary judgment motion prior to denying Ivy's motion for dismissal and for return of his property, it necessarily considered evidence outside of the pleadings in ruling on Ivy's motion for dismissal. Therefore, Ivy's motion was properly understood as a motion for summary judgment, and the trial court's order is a denial of his motion for summary judgment. Thus, Ivy filed his notice of appeal from a final judgment when he filed the notice on February 22, 2005.

■ Next, Ivy filed a "Motion for Reversal" in response to the State's second request for an extension of time in which to file its brief. In this motion, Ivy argued that the State failed to timely file its motion for extension of time, and therefore, we should reverse the judgment of the trial court. But we note that this court subsequently granted the State's motion for an extension of time, rendering the issue moot. Therefore, we deny Ivy's "Motion for Reversal."

■ Turning to the merits of the case, we note that when reviewing a trial court's ruling on a motion for summary judgment, we apply the same standard as the trial court. No deference is given to the trial court's judgment. *Hutchens v. MP Realty Group–Sheffield Square Apartments*, 654 N.E.2d 35, 37 (Ind.Ct.App.1995). Summary judgment is appropriate only if the designated evidence shows that there is no

genuine issue of material fact and that a party is entitled to judgment as a matter of law. Indiana Trial Rule 56(C). Though summary judgment is clothed with a presumption of validity, "[t]he trial court's determination will be 'carefully scrutinized on appeal' to assure that the non-prevailing party is not improperly prevented from having his day in court." *Ind. Dep't of State Revenue v. Caylor–Nickel Clinic, P.C.*, 587 N.E.2d 1311, 1313 (Ind.1992).

Indiana Code section 34–24–1–1(a)(2) states that the following may be seized:

All money, negotiable instruments, securities, weapons, communications devices, or any property used to commit, used in an attempt to commit, or used in a conspiracy to commit an offense under IC 35–47 as part of or in furtherance of an act of terrorism or commonly used as consideration for a violation of IC 35–48–4 (other than items subject to forfeiture under IC 16–42–20–5 or IC 16–6–8.5–5.1 before its repeal):

(A) furnished or intended to be furnished by any person in exchange for an act that is in violation of a criminal statute:

(B) used to facilitate any violation of a criminal statute; or

(C) traceable as proceeds of the violation of a criminal statute.

Indiana Code article 35–47 relates to crimes involving weapons and instruments of violence, and Indiana Code chapter 35–48–4 covers offenses relating to controlled substances. The State must show by a preponderance of the evidence that the property was within the definition of property subject to seizure enumerated above. I.C. § 34–24–1–4.

It is undisputed that the property at issue was money that was confiscated during Ivy's arrest for false informing, not his unrelated arrest for dealing in cocaine. To

demonstrate that the money was confiscated in connection with an offense relating to a controlled substance, the deputy prosecutor told the forfeiture court that there was a shoebox that smelled of marijuana in the vehicle from which Ivy emerged before his arrest, that the shoebox contained scales, and that Ivy's cell phone rang eleven times in thirty minutes. Tr. p. 8. No witnesses were sworn, and no exhibits were introduced during the hearing. Nor did the State attempt to establish that Ivy, a passenger in the vehicle when it was stopped, possessed the shoebox with the scales and the alleged smell of marijuana. In short, there was a complete lack of evidence that Ivy's money was connected to drug dealing. This is not to say that the State cannot establish the connection by a preponderance of the evidence at a full trial, but in the context of this summary judgment hearing, Ivy was deprived of his day in court.

The judgment of the trial court is reversed and remanded for trial.

NAJAM, J., and BAILEY, J., concur.

### ORDER

The Appellant, *pro se,* has filed a Request for Publication of the Court's March 16, 2006 Memorandum Decision.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Request for Publication of Memorandum Decision is GRANTED, and this Court's March 16, 2006 decision is now ordered PUBLISHED.

All Panel Judges Concur.