**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 26 2012, 8:58 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN B. STEINHART**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**DIANA L. WANN**
Rudolph Fine Porter & Johnson, LLP
Crawfordsville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DIANA BIBLE, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1107-EX-600 |
| | ) | |
| ST.VINCENT HOSPITAL, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE WORKERS COMPENSATION BOARD OF INDIANA
Cause No. C-187474

**January 26, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Analysis**

Diana Bible appeals a decision of the Full Worker's Compensation Board of Indiana ("the Board"), which affirmed a single hearing member's decision to deny Bible's claim for worker's compensation benefits. We affirm.

**Issues**

The restated issues before us are:

I.      whether the Board issued adequate findings of fact to support its decision; and

II.     whether the Board, in adopting the single hearing member's findings, improperly determined the weight to be given to Bible's testimony.

**Facts**

On March 12, 2007, Bible returned to work at St. Vincent Hospital ("St. Vincent") after having taken a medical leave of absence for neck and back injuries she had sustained in an automobile accident. On March 30, 2007, a nurse at an occupational health center at St. Vincent, which handles worker's compensation claims of its employees, examined Bible with respect to restrictions that accompanied her return to work. Bible complained of neck pain, back pain, and pain in her left elbow that prevented her from fully straightening her arm. Bible told the nurse that she had first noticed the pain upon waking on March 27, 2007, and expressly denied that she had injured herself at work. Bible also never reported any work injury through St. Vincent's

2

Dynamic Online Event Reporting program ("DOERS"), which is supposed to be completed within twenty-four hours of any work injury.

Bible first sought independent medical treatment for her left elbow pain on April 2, 2007, when she visited a Dr. Dicke. Dr. Dicke's report of this appointment stated that Bible had "no history of injury or trauma" with respect to the elbow and that her symptoms had arisen "while simply typing." Appellant's App. p. 24. On April 17, 2007, Bible visited a Dr. Kaveney for a second opinion, who noted in his report of the appointment that Bible "did not really remember an injury in any way." Id. at 33. Dr. Kaveney opined that Bible's elbow pain likely was the result of "an exacerbation of some underlying arthrosis." Id. On May 7, 2007, Bible visited a third doctor, Dr. Earl, whose report of the appointment makes no mention of any work-related injury and merely states that Bible had an "acute onset of pain in her left elbow about 30 days ago." Id. at 40. Based on an MRI, Dr. Earl believed there was the possibility of a loose body in the elbow.

On May 23, 2007, Bible re-visited Dr. Dicke, after further tests were conducted. Dr. Dicke at this time believed that Bible's reports of left elbow pain were "out of proportion" to and inconsistent with what had been revealed by an x-ray and CT scan. Id. at 29. Specifically, Dr. Dicke could not find evidence of any loose bodies in Bible's left elbow and determined surgery was unnecessary, though she did have some inflammation. Dr. Dicke referred Bible to Dr. Sigua, a specialist in pain management, for further treatment.

3

On July 10, 2007, Bible filed an application for adjustment of claim with the Board. Bible alleged that she had injured herself at work on March 27, 2007, by banging her elbow on a door at St. Vincent. No one witnessed this alleged injury. St. Vincent assigned an adjuster to begin investigating Bible's claim.

On July 24, 2007, Bible made her last visit to Dr. Sigua. Bible was upset and angry at this visit and presented Dr. Sigua with documents dated June 13, 2007, which she claimed she had requested that he fill out in order for her to receive disability benefits, but which Dr. Sigua had never seen before. Bible also told Dr. Sigua that she had previously told "many doctors" that her left elbow pain was work-related. Appellee's App. at 15. Dr. Sigua asked Bible why she had not previously filed a worker's compensation claim if she believed the pain was work-related, "and she did not have an answer for this." Id. After this appointment, Dr. Sigua determined that he was unable to offer additional treatment to Bible.

On September 6, 2007, St. Vincent denied Bible's worker's compensation claim after concluding that she had not suffered a work-related injury. On June 2, 2010, a single hearing member of the Board conducted a hearing on Bible's claim, where Bible appeared pro se. On June 29, 2010, the single hearing member issued an order, accompanied by findings of fact, denying Bible's claim. Among other findings, the single hearing member noted that Bible "suffers from chronic depression and anxiety," and "numerous other medical conditions unrelated to her employment with [St. Vincent]." Appellant's App. p. 4. The single hearing member also stated in a separate

finding, "Plaintiff appeared nervous and agitated at Hearing. Her testimony was rambling and inconsistent. She was not a credible witness." Id. Ultimately, the single hearing member concluded that Bible failed to establish that she injured her elbow at work on March 27, 2007.

Bible sought review of this order by the Board, which conducted a hearing on May 10, 2011. On June 8, 2011, the Board issued an order stating in part, "the Opinion issued by the Single Hearing Member should be affirmed." Appellant's App. p. 7. The Board's order did not contain its own independent factual findings. Bible now appeals.

## Analysis

### I. Adequacy of Board's Order

Bible first contends that the Board's order, affirming the denial of worker's compensation benefits by the single hearing member, is inadequate because it lacks independent factual findings by the Board. She contends that the Board could not discharge its duty to enter factual findings in support of its decision by merely "affirming" the single hearing member's decision. She requests that we remand for the Board to conduct a new hearing and enter an order with adequate factual findings.[1]

Indiana Code Section 22-3-4-7 states that the Board, after reviewing a single hearing member's decision at a party's request, "shall make an award and file the same with the finding of the facts on which it is based . . . ." Generally, the Board's findings of

_____

[1] In her reply brief, Bible also seems to contend that the Board's hearing itself was inadequate, not just that the findings were inadequate, but she did not raise this argument in her initial brief. Any argument regarding the adequacy of the hearing is thus waived. See Bowyer v. Indiana Dep't of Natural Res., 944 N.E.2d 972, 991 n.17 (Ind. Ct. App. 2011).

5

basic facts must reveal its analysis of the evidence and its determination regarding specific issues of fact that bear on the particular claim. <u>Perez v. U.S. Steel Corp.</u>, 426 N.E.2d 29, 33 (Ind. 1981). The Board must also issue a finding of ultimate fact, which is the ultimate conclusion regarding the particular claim before the Board. <u>Id.</u> The specific findings of basic fact "must be specific enough to provide the reader with an understanding of the Board's reasons, based on the evidence, for its finding of ultimate fact." <u>Id.</u>

However, where the findings of fact issued by a single hearing member "are supported by the evidence and embody the requisite specificity to satisfy the various purposes of the requirement, the Board should not hesitate to adopt and incorporate by reference the hearing officer's work." <u>Rork v. Szabo Foods</u>, 436 N.E.2d 64, 68 (Ind. 1982). "It is of no consequence whether the full board makes separate findings or adopts written findings made by the single hearing member so long as the final decision of the full board may be reviewed in light of the written findings on which the decision is based." <u>Dial X-Automated Equipment v. Caskey</u>, 826 N.E.2d 642, 644 (Ind. 2005). Adoption by the Board of a single hearing member's decision "is sufficient to attribute to the full board the explicit written findings of the single hearing member and to permit appellate review accordingly." <u>Id.</u> The Board need not also expressly state that it is adopting the single hearing member's written findings. <u>Id.</u>

Bible relies upon language appearing in this court's opinion in <u>Jackson v. Cigna/Ford Electronics & Refrigeration Corp.</u>, 677 N.E.2d 1098 (Ind. Ct. App. 1997), in

6

support of her argument that the Board did not fulfill its duty to enter factual findings by merely "affirming" the single hearing member's decision. There, after a single hearing member issued his decision, the worker filed a request for review by the Board. In its order, the Board first stated that the worker's application for review by the Board was untimely, and then stated that "the Single Hearing Judge's decision should be adopted." Jackson, 677 N.E.2d at 1100. On appeal, we concluded that the Board had erred in finding that the worker's application for review was untimely. Id. at 1102. After reaching this holding, we concluded that remand to the Board for further consideration was necessary. Id. We found the Board's "adoption" of the single hearing member's decision to be inadequate fact finding because we could not discern whether the Board had actually considered the merits of the worker's appeal from the single hearing member's decision, or had based its decision solely upon the erroneous conclusion that the application for review was untimely. Id.

Here, there was no threshold procedural issue that the Board was required to address before considering the merits of Bible's application for review from the single hearing member's decision. Thus, unlike in Jackson, there is no possible confusion as to which issues the Board considered in hearing Bible's appeal.[2] There was no prohibition against the Board's adoption of the single hearing member's decision and the factual

---

[2] Additionally, if the Board decides to reverse a single hearing member's decision, it is required to enter its own independent factual findings supporting such a decision. See Wayman v. J&S Petroleum, Inc., 694 N.E.2d 767, 770 (Ind. Ct. App. 1998). Concerns with the Board's failure to explain why it disagreed with a single hearing member are absent when, as here, the Board expressly agrees with the single hearing member.

findings accompanying that decision, which adoption we believe the Board clearly wished to accomplish when it said that it was "affirming" the single hearing member's decision. Bible does not claim that the single hearing member's findings are inadequate, except with respect to one particular that we address below. We will not remand for the Board to conduct a new hearing or enter new factual findings.

## II. Judging Bible's Credibility

Next, Bible contends the single hearing member erred in judging the credibility of her testimony at the hearing. Specifically, she claims the single hearing member should not have entered a finding referring to her being "nervous and agitated" at the hearing or said that her "testimony was rambling and inconsistent," because those are alleged characteristics of her diagnosed anxiety disorder that the single hearing member noted in another finding. Appellant's App. p. 4.

As the person seeking worker's compensation benefits, Bible bore the burden of establishing that her elbow pain was caused by an injury arising out of and in the course of her employment with St. Vincent. See Milledge v. Oaks, 784 N.E.2d 926, 929 (Ind. 2003). The single hearing member and Board found that Bible did not meet this burden. We are bound by the Board's findings of fact—i.e. the single hearing member's findings as adopted by the Board—and may not disturb its determination unless the evidence is undisputed and leads undeniably to a contrary conclusion. Wholesalers, Inc. v. Hobson, 874 N.E.2d 622, 626 (Ind. Ct. App. 2007). When reviewing the Board's decision, we first review the record to determine if there is any competent evidence of probative value

8

to support the Board's findings.  Id. at 627.  Second, we examine the findings to see if they are sufficient to support the Board's ultimate decision.  Id.  "We will not reweigh the evidence or assess witness credibility, and we will consider only the evidence most favorable to the award, including any and all reasonable inferences flowing therefrom."  Id.

Bible is asking us to hold that the single hearing member erred in weighing the credibility of her testimony unfavorably on the basis that it was "inequitable and unreasonable" to mention some aspects of her testimony that might have been related to her anxiety disorder.  Appellant's Br. p. 10.  However, aside from quoting a standard English dictionary definition of "anxiety," Bible provides no citation to any authority that would permit us to re-judge her credibility, or to place limitations upon how the single hearing member or the Board could judge that credibility.  Furthermore, there is no evidence in the record here that someone in Bible's condition would be physically or mentally incapable of giving non-rambling, consistent testimony that could be acceptable to a fact finder.  It is very difficult, especially in the absence of such evidence, to perceive where a line could be drawn between proper and improper considerations in judging the credibility of a witness with anxiety.  Without more, we cannot say the single hearing member or Board erred on this point.

Moreover, there was ample justification in the record for the single hearing member and Board to conclude that Bible's left elbow troubles were not work-related, in multiple other findings entered by the single hearing member and adopted by the Board.

9

There were no witnesses to any workplace injury suffered by Bible on March 27, 2007, as she had alleged. She did not follow the established St. Vincent procedure for reporting workplace injuries. When she visited the St. Vincent nurse on March 30, 2007, and first reported her elbow problems, she denied that it was the result of a workplace injury. Most of the reports prepared by doctors who initially examined Bible after she first began complaining of elbow pain similarly noted that there was no claim of injury or trauma. In sum, the decision of the Board is clearly supported by the record and the findings of the single hearing member, as adopted by the Board.

## Conclusion

There is no need to remand this case for the Board to enter factual findings independent from those of the single hearing member whose decision it affirmed, and we decline to second-guess the weighing of Bible's credibility and the determination that she failed to establish that her elbow pain was the result of a work injury. We affirm the Board's decision.

Affirmed.

KIRSCH, J., and BRADFORD, J., concur.

10